HONORABLE GARY SPRAKER

Christine M. Tobin-Presser, AK Bar No. 1905032
Thomas A. Buford, AK Bar No. 1805046
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Phone:  206-292-2110
Facsimile:  206-292-2104
ctobin@bskd.com
tbuford@bskd.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re

RB ENTERPRISES LLC,

            Debtor.

No. 21-00040

**DECLARATION OF ROBERT GROSS IN SUPPORT OF
DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT**

Robert Gross declares as follows:

1. I am the manager of RB Enterprises, LLC (the "Debtor"), debtor-in-possession in the above-captioned bankruptcy case (the "Bankruptcy"). I make this declaration in support of the Debtor's Motion for Order Approving Settlement (the "Settlement Motion"). Capitalized terms herein have the meaning set forth in the Motion unless otherwise indicated. I have personal knowledge of the facts set forth herein and I am competent to testify to the same.

2. Attached as Exhibit A to the Settlement Motion is a copy of the Settlement containing the terms negotiated by the parties.

DECLARATION OF ROBERT GROSS IN SUPPORT OF
DEBTOR'S MOTION FOR ORDER APPROVING
SETTLEMENT - Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed29cw01e2

3. The Debtor's members are me and my wife, Melodie Gross. Mystery Ranch's members are Jack Barrett ("Barrett") and Dawn Barrett.

4. Almost a decade ago, Barrett and I embarked on two discrete business ventures, acquiring and operating the Hotel in Anchorage and developing and selling certain real estate in Utah. I served as manager of IT, LLC, overseeing the Hotel operations, while Barrett oversaw the Utah project.

5. For much of the parties' relationship, Barrett, I and our affiliated entities (the "Barrett Entities," and the "Gross Entities," respectively) have been involved in multiple and ongoing lawsuits in three separate states. One of the lawsuits[1] culminated in a judgment against the Debtor (the "Mystery Ranch Judgment"), nonpayment of which would likely have resulted in forfeiture of the Debtor's interest in IT, LLC as early as March 3, 2021, absent the Chapter 11 filing.

6. The Debtor filed the Bankruptcy on March 1, 2021 (the "Petition Date") in order to preserve its only income-producing asset.

7. Aside from the prepetition legal retainer paid to Debtor's bankruptcy counsel, the Debtor's schedules reflect two primary assets. These are (1) approximately $380,000 on deposit in the court registry in the RB Enterprises-Mystery Ranch Litigation (the "Registry Funds"), which were intended by me to satisfy the Mystery Ranch Judgment, but the ownership of which was the subject of litigation in Alaska state court as of the Petition Date, and (2) the Debtor's 50% membership interest in IT, LLC. The Debtor also holds a 50% membership interest in Bistro IT, LLC, the sole asset of which is the liquor license for the Hotel's restaurant and bar.

---

[1] *Mystery Ranch, LLC v. Gross*, Case No. 3AN-14-08418 (Alaska Sup. Ct. 2014) (the "Alaska Mystery Ranch Action"), which was referred to arbitration before the American Arbitration Association as Case No. 01-15-0005-1171 (the "Mystery Ranch Arbitration" and collectively with the Alaska Mystery Ranch Action, the "RB Enterprises-Mystery Ranch Litigation")

DECLARATION OF ROBERT GROSS IN SUPPORT OF
DEBTOR'S MOTION FOR ORDER APPROVING
SETTLEMENT - Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed29cw01e2

8. The Debtor's potential sources to fund a plan of reorganization are limited to any membership distributions from IT, LLC on account of the Debtor's 50% interests, member contributions from me and the Registry Funds, if any to which the Debtor is ultimately entitled.

9. To date, Mystery Ranch has taken the position that IT, LLC's Operating Agreement prohibits member distributions without the consent of both members and has blocked this source of income to the Debtor. Given the ongoing litigation, my ability to fund member distributions to the Debtor is uncertain. Finally, and as previously indicated, ownership of the Registry Funds is the subject of ongoing (although currently stayed) litigation.

10. Absent the proposed Settlement, in order to fund a plan of reorganization, the Debtor would be required to successfully litigate the availability of IT, LLC membership distributions, successfully assert ownership of the Registry Funds and/or await a liquidity event in favor of me in the various ongoing litigation, which has been complicated by the bankruptcy cases of Barrett, and his affiliate, Meritage Companies, LLC against whom I hold an unliquidated jury verdict.

11. Through a successful mediation on March 17, 2021, the Gross Entities and the Barrett Entities reached a comprehensive settlement as set forth in the Exhibit A. While many of the terms relate to entities other than the Debtor, the Settlement will allow the Debtor to not only maintain its 50% membership interest but also to acquire Mystery Ranch's 50% membership interest. This will obviate the need for the bankruptcy and allow full repayment of the Debtor's creditors in the ordinary course as described herein and in the Dismissal Motion filed contemporaneously herewith.

12. While many of the terms in the comprehensive Settlement Agreement relate to non-Debtor parties, the following are the provisions directly relating to the Debtor:

    a. Mystery Ranch will transfer its ownership interest in IT, LLC to the Debtor. Settlement at 2.3.1.

DECLARATION OF ROBERT GROSS IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT - Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed29cw01e2

      b.      Mystery Ranch will transfer its ownership interest in Bistro IT, LLC to the Debtor. Settlement Agreement at § 2.3.2.

      c.      The parties stipulate that the Registry Funds will be returned to IT, LLC. Settlement Agreement at § 2.4.1.

      d.      Mystery Ranch and Barrett will dismiss all claims against RB in the RB Enterprises-Mystery Ranch Litgation. Settlement Agreement at 2.5.3.

      e.      The Barrett Entities will stipulate to the dismissal of the Bankruptcy. Settlement Agreement at § 2.5.5; and

      f.      The Debtor and the Barrett Entities mutually release one another from any and all claims. Settlement Agreement. at §§ 7 and 8.

13.      The majority of the non-insider claims against the Debtor are comprised of obligations incurred in the operation of the Hotel and upon which IT, LLC is also directly liable.

14.      The Settlement Agreement, including the transfer of full ownership of IT, LLC to the Debtor, will provide for the continued generation of revenue to IT, LLC, who will pay its obligations in the ordinary course, as well as profit distributions to the Debtor, who will be able to pay any independent obligations it holds.

15.      In contrast, absent the Settlement, the Debtor may not have a source of funds to repay its creditors, and certainly not without incurring significant additional professional fees.

I declare under penalty of perjury under the laws of the state of Alaska that the foregoing information is true and correct.

DATED this 30 day of April, 2021.

                      *Robert Gross*
                      ROBERT GROSS

DECLARATION OF ROBERT GROSS IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT - Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed29cw01e2