UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re

RB ENTERPRISES LLC,

                              Debtor.

Case No. 21-00040-GS

Chapter 11

### ORDER GRANTING MOTION FOR ORDER APPROVING SETTLEMENT

On May 26, 2021, the court held a hearing on the Motion for Order Approving Settlement (Settlement Motion) (ECF No. 27) filed by RB Enterprises, LLC, debtor-in-possession in the above-captioned bankruptcy case.  Appearances were as noted on the record.  The court having evaluated the proposed settlement (Settlement) in light of the factors set forth in *Martin v. Kane (In re A & C Properties)*, 787 F.2d 1377, 1381 (9th Cir. 1986), for the reasons stated in the Settlement Motion and on the record,

**IT IS HEREBY ORDERED** that the Motion for Order Approving Settlement (ECF No. 27) is GRANTED.  The Settlement, an executed copy of which is attached hereto as Exhibit A, is approved.

DATED this 27th day of May, 2021.

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: C. Tobin-Presser, Esq.
       A. Napolitano, Esq.
       K. Perkins, Esq.
       U.S. Trustee
       ECF Participants via NEF

EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "**Agreement**") dated April 30, 2021, is entered into by and among:  Robert "Bob" Gross ("**Bob Gross**"); Melodie Gross; AK Meritage Companies, LLC ("**Original Meritage**"); RB Enterprises, LLC, as debtor and debtor in possession ("**RB Enterprises**"); IT, LLC ("**IT, LLC**"); Bistro IT, LLC ("**Bistro IT**"); Meritage Management Company, LLC f/k/a Meritage Real Estate Advisors, LLC ("**Meritage Management**"); Jack A. Barrett, as debtor and debtor in possession ("**Jack Barrett**"); Dawn E. Barrett; Meritage Companies, LLC, as debtor and debtor in possession ("**New Meritage**"); Mystery Ranch, LLC ("**Mystery Ranch**"); Mountain Vista Trails, LLC ("**Mountain Vista**"); and NOC 1700, LLC ("**NOC 1700**").  The foregoing parties to this Agreement are collectively referred to as the "Parties" and individually as a "Party."

## RECITALS

**A.**      In 2014, Jack Barrett and Mystery Ranch commenced an action against Bob Gross and RB Enterprises in the Alaska Superior Court designated as *Mystery Ranch, LLC v. Gross*, Case No. 3AN-14-08418 (Alaska Sup. Ct. 2014) (the "**Alaska Mystery Ranch Action**"), which was referred to arbitration before the American Arbitration Association as Case No. 01-15-0005-1171 (the "**Alaska Mystery Ranch Arbitration**").

**B.**      In 2015, Jack Barrett and New Meritage commenced an action against Bob Gross and Original Meritage in the Alaska Superior Court designated as *Meritage Companies, LLC v. Gross*, Case No. 3AN-15-08320 (Alaska Sup. Ct. 2015) (the "**Alaska Meritage Action**").

**C.**      In connection with the Alaska Meritage Action, in 2015 Bob Gross commenced an action in the Utah District Court designated as *Meritage Companies, LLC v. AK Meritage Companies, LLC*, Case No. 150906138 (Utah Dist. Ct. 2015).  In 2016, New Meritage commenced an action against Bob Gross and Original Meritage in the Utah District Court designated as *AK Meritage Companies, LLC v. Meritage Companies,* LLC, Case No. 160906412 (Utah Dist. Ct. 2016).  Finally, in 2020, Dawn Barrett and Mountain Vista commenced an action against Original Meritage and others designated as *Mountain Vista Trails, LLC v. AK Meritage Companies, LLC*, Case No. 200902574 (Utah Dist. Ct. 2020).  The foregoing actions in this recital are collectively referred to as the "**Utah Actions**".

**D.**      In 2020, New Meritage filed a voluntary bankruptcy petition commencing its chapter 11 case in the United States Bankruptcy Court, District of Arizona (the "**Arizona Bankruptcy Court**") designated as *In re Meritage Companies, LLC*, Case No. 2:20-bk-07718-MCW (Bankr. D. Ariz.) (the "**Meritage Bankruptcy Case**").

**E.**      In 2020, Jack Barrett filed a voluntary bankruptcy petition commencing his chapter 11 bankruptcy case in the Arizona Bankruptcy Court designated as *In re Barrett*, Case No. 2:20-bk-07712-MCW (Bankr. D. Ariz.) (the "**Barrett Bankruptcy Case**").

**F.**      In connection with the Barrett Bankruptcy Case, in 2020 Bob Gross and Original Meritage filed an adversary proceeding complaint against Jack Barrett and Dawn Barrett seeking a determination of dischargeability of debt in the Barrett Bankruptcy Case designated as *Gross v.*

BN 44855356v18

**EXHIBIT A**

*Barrett*, Adv. Proc. No. 2:20-ap-00280-MCW (Bankr. D. Ariz.) (the "**Barrett Adversary Proceeding**").

      **G.**     In 2021, RB Enterprises filed a voluntary bankruptcy petition commencing its chapter 11 bankruptcy case in the United States Bankruptcy Court, District of Alaska (the "**Alaska Bankruptcy Court**") designated as *In re RB Enterprises, LLC*, Case No. 21-00040 (Bankr. D. Ak. 2021) (the "**RB Bankruptcy Case**").

      **H.**     In connection with the Alaska Meritage Action, Bob Gross and Original Meritage obtained a jury verdict against Jack Barrett and New Meritage finding Jack Barrett and New Meritage liable to Bob Gross and Original Meritage (the "**Jury Verdict**"). The Arizona Bankruptcy Court granted relief from the automatic stay to permit the damages phase of the trial to conclude in the Alaska Superior Court.

      **I.**     In connection with the Alaska Mystery Ranch Action, Jack Barrett and Mystery Ranch obtained an arbitration award against RB Enterprises and in favor of Mystery Ranch, that was reduced to a judgment, which was stayed as to RB Enterprises by the commencement of the RB Bankruptcy Case.

      **J.**     On March 17, 2021, the Parties participated in a global mediation session before the Honorable Daniel P. Collins, United States Bankruptcy Judge, District of Arizona, and reached a resolution of all of the claims, counterclaims and contested matters asserted between the Parties. The terms of the settlement were read into the record as reflected by the (1) the Minute Entry entered as Docket No. 292 by Judge Collins in the Barrett Bankruptcy Case, and (2) the Minute Entry entered as Docket No. 311 by Judge Collins in Meritage Bankruptcy Case (collectively, the "**Settlement**"). The Parties and their counsel agreed on the record to the terms of the Settlement at the conclusion of the mediation session.

      **K.**     Bob Gross, Melodie Gross, Original Meritage, and RB Enterprises (collectively, the "**Gross Parties**"), on the one hand, and Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista, and NOC 1700 (collectively, the "**Barrett Parties**"), after consultation with their respective legal counsel, have made their own independent assessment of:

      1.     the merits and potential value of: (i) the claims asserted or the contested matters pursued by certain of the Gross Parties against Jack Barrett and New Meritage in the Alaska Meritage Action, the Meritage Bankruptcy Case, and the Barrett Bankruptcy Case; (ii) the claims asserted by Bob Gross and Original Meritage against Jack Barrett and Dawn Barret in the Barrett Adversary Proceeding; (iii) the claims asserted by Jack Barrett and Mystery Ranch against Bob Gross and RB Enterprises in the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, and the RB Bankruptcy Case; (iv) the claims asserted or the contested matters pursued by Jack Barrett and New Meritage against Bob Gross and New Meritage in the Meritage Bankruptcy Case and the Barrett Bankruptcy Case; and (v) the claims and counter claims asserted by and among certain of the Gross Parties and certain of the Barrett Parties in the Utah Actions;

      2.     the potential recovery for any judgment that may be entered in favor of either the Gross Parties or the Barrett Parties, as the case may be, in the Alaska Meritage

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, the Utah Actions, or the RB Bankruptcy Case; and

       3.     the estimated amount of time and expense involved in achieving a favorable result against either the Gross Parties or the Barrett Parties, as the case may be, and the risks and associated costs of achieving such a favorable result, in the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, the Utah Actions, or the RB Bankruptcy Case.

Based upon this independent assessment, the Gross Parties and the Barrett Parties each believe that the settlement set forth in this Agreement reflects a full and fair compromise of the foregoing claims, contested matters and actions between the Parties, and that the settlement set forth in this Agreement constitutes reasonably equivalent value for the compromise and settlement of the foregoing claims, contested matters and actions between the Parties.

      **L.**     As a result of the negotiations between the Parties, and expressly without any admission of liability, the Parties now desire to compromise, settle and resolve all claims, disputes and differences between them as set forth in this Agreement.

## AGREEMENT

In consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

**1.  Recitals.**

     1.1.    The Recitals are incorporated herein by this reference and the Parties agree that the information recited above is true and correct.

**2.  Terms of Settlement.**

     2.1.    <u>Scope of the Settlement</u>.  The Settlement consists of:  (A) the settlement of (i) all claims asserted by Bob Gross and Original Meritage against Jack Barrett and New Meritage in the Alaska Meritage Action, the Meritage Bankruptcy Case, and the Barrett Bankruptcy Case; (ii) all claims asserted by Bob Gross and Original Meritage against Jack Barrett and Dawn Barrett in the Barrett Adversary Proceeding; (iii) all claims asserted by Jack Barrett and Mystery Ranch against Bob Gross or RB Enterprises in the Alaska Mystery Ranch Action and the Alaska Mystery Ranch Arbitration; (iv) all claims asserted by and among Jack Barrett, Dawn Barrett, Mountain Vista, Mystery Ranch, Original Meritage, New Meritage and Bob Gross in the Utah Actions; (B) the transfer of Mystery Ranch's ownership in IT, LLC and Bistro IT to RB Enterprises; and (C) the dismissal of the Barrett Adversary Proceeding, the Alaska Meritage Action, the Alaska Mystery Ranch Arbitration, the Alaska Mystery Ranch Action, the Utah Actions, and the RB Bankruptcy Case.

     2.2.    <u>Effective Date of the Settlement</u>.  The Settlement shall become effective on the date that the last of the orders of the Arizona Bankruptcy Court and the Alaska Bankruptcy Court

become final and non-appealable (the "**Effective Date**"). By way of illustration, if the Arizona Bankruptcy Court order approving this Agreement is entered on May 5, 2021 and the Alaska Bankruptcy Court order approving this Agreement is entered on May 10, 2021, then the Effective Date per Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure would be May 24, 2021. If any of the orders approving this Agreement are stayed on appeal or otherwise, then the Parties shall confer on whether to waive the finality requirements of this Paragraph.

2.3.    Transfer and/or Dissolution of LLC Interests.

2.3.1.   Mystery Ranch shall unconditionally and irrevocably transfer all right, title and interest in and to its ownership interest in IT, LLC to RB Enterprises such that RB Enterprises shall become the sole owner and sole member of IT, LLC as of the Effective Date. A true and complete copy of the *Assignment and Transfer of the IT, LLC Membership Interest* is attached hereto as **Exhibit 1**. As part of this transfer, Mystery Ranch shall waive any rights it may have to any profit distributions or the return of any capital contributions as a result of its ownership interest in IT, LLC. As part of this transfer, RB Enterprises shall assume all responsibility for any liability or pass-through liability of IT, LLC arising from events occurring after the Effective Date and shall indemnify Mystery Ranch for such liability.

2.3.2.   Mystery Ranch shall unconditionally and irrevocably transfer all right, title and interest in and to its ownership interest in Bistro IT to RB Enterprises such that RB Enterprises shall become the sole owner and sole member of Bistro IT as of the Effective Date. A true and complete copy of the fully executed *Assignment and Transfer of the Bistro IT, LLC Membership Interest* is attached hereto as **Exhibit 2**. As part of this transfer, Mystery Ranch shall waive any rights it may have to any profit distributions or the return of any capital contributions as a result of its ownership interest in Bistro IT. As part of this transfer, RB Enterprises shall assume all responsibility for any liability or pass-through liability of Bistro IT arising from events occurring after the Effective Date and shall indemnify Mystery Ranch for such liability.

2.3.3.   Within thirty (30) days of the Effective Date (the "**Utility Transfer Deadline**"), Gross shall cause Meritage Management to terminate any utility contracts that Meritage Management has entered into on behalf of IT, LLC or the hotel commonly known as the Inlet Tower Hotel located in Anchorage, Alaska (the "**Inlet Tower Hotel**"). RB Enterprises, Bob Gross, and Jack Barrett agree to cooperate in the efforts to terminate such utility service. Thereafter, IT, LLC shall obtain new utility service for the Inlet Tower Hotel through itself or its designee. Any deposit held by a utility provider for the benefit of Meritage Management shall be remitted to IT, LLC or its designee. Following the earlier of (i) the completion of the transfer of the utilities or (ii) the Utility Transfer Deadline, Bob Gross shall file the *Articles of Dissolution* for Meritage Management attached hereto as **Exhibit 3** with the State of Alaska's Divisions of Corporations, Business and Professional Licensing to dissolve Meritage Management.

2.3.4.   Within ten (10) business days following the last of the orders dismissing the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Utah Actions, and the Barrett Adversary Proceeding becoming final and

non-appealable orders, Bob Gross shall file the *Articles of Dissolution* for Original Meritage attached hereto as **Exhibit 4** with the State of Alaska's Divisions of Corporations, Business and Professional Licensing to dissolve Original Meritage.

2.3.5.   To the extent any "partnership" could be deemed to still exist in any way between any of the Gross Parties and any of the Barrett Parties, such "partnership" is deemed terminated, such that it is the intention of the Gross Parties and the Barrett Parties that each will go their separate ways and shall have no business ventures between them.

2.4.   <u>Transfer of Court Registry Funds.</u>

2.4.1.   Jack Barrett and Mystery Ranch hereby stipulate and agree to the return of all of the funds held by the Alaska Superior Court in its court registry totaling approximately $380,000 in the Alaska Mystery Ranch Action to IT, LLC.   A true and complete copy of the fully executed *Stipulation re (1) Return of Alaska Mystery Ranch Action Registry Funds and (2) Dismissal of Alaska Mystery Ranch Action and Alaska Mystery Ranch Arbitration* and the *Order Approving Stipulation* are attached hereto as **Exhibit 5** and **Exhibit 6**, respectively.

2.4.2.   Jack Barrett and New Meritage hereby stipulate and agree to the return of all of the funds held by the Alaska Superior Court in its court registry totaling approximately $26,000 in the Alaska Meritage Action to Bob Gross or his designee.   A true and complete copy of the fully executed *Stipulation re (1) Return of Alaska Meritage Action Registry Funds and (2) Dismissal of Alaska Meritage Action* and the *Order Approving Stipulation* are attached hereto as **Exhibit 7** and **Exhibit 8**, respectively.

2.4.3.   New Meritage shall retain all of the escrow funds held by the Arizona Bankruptcy Court in its court registry totaling approximately $200,000 in the Meritage Bankruptcy Case.

2.5.   <u>Dismissal of Claims and Actions.</u>

2.5.1.   <u>Dismissal of Alaska Meritage Action</u>.   In exchange for the transfer of membership interests as set forth in Paragraphs 2.3.1 and 2.3.2, the LLC dissolutions as set forth in Paragraphs 2.3.3 and 2.3.4, and the transfer of registry funds as set forth in Paragraph 2.4, Bob Gross and Original Meritage shall dismiss their claims with prejudice against Jack Barrett and New Meritage in the Alaska Meritage Action as set forth in the above-referenced *Stipulation* and *Order* attached hereto as **Exhibit 7** and **Exhibit 8**, respectively.   Additionally, neither Bob Gross nor Original Meritage will oppose a motion by Jack Barrett or New Meritage seeking to seal the Jury Verdict in the Alaska Meritage Action.

2.5.2.   <u>Dismissal of the Barrett Adversary Proceeding</u>.   In exchange for the transfer of membership interests as set forth in Paragraphs 2.3.1 and 2.3.2, the LLC dissolutions as set forth in Paragraphs 2.3.3 and 2.3.4, and the transfer of registry funds as set forth in Paragraph 2.4, Bob Gross and Original Meritage shall dismiss their claims with prejudice against Jack Barrett and Dawn Barrett in the Barrett Adversary Proceeding.   A true and complete copy of the *Stipulation to Dismiss the*

*Barrett Adversary Proceeding* and the *Order Approving Stipulation* are attached hereto as **Exhibit 9** and **Exhibit 10**, respectively.

2.5.3.    Dismissal of the Alaska Mystery Ranch Action and the Alaska Mystery Ranch Arbitration.  In exchange for the transfer of membership interests as set forth in Paragraphs 2.3.1 and 2.3.2, the LLC dissolutions as set forth in Paragraphs 2.3.3 and 2.3.4, and the transfer of registry funds as set forth in Paragraph 2.4, Jack Barrett and Mystery Ranch shall dismiss their claims with prejudice against Bob Gross and RB Enterprises in the Alaska Mystery Ranch Action and the Alaska Mystery Ranch Arbitration as set forth in the above-referenced *Stipulation* and *Order* attached hereto as **Exhibit 5** and **Exhibit 6**, respectively.

2.5.4.    Dismissal of the Utah Actions.  In exchange for the transfer of membership interests as set forth in Paragraphs 2.3.1 and 2.3.2, the LLC dissolutions as set forth in Paragraphs 2.3.3 and 2.3.4, and the transfer of registry funds as set forth in Paragraph 2.4, each applicable Party shall dismiss with prejudice their claims with prejudice against any other applicable Party asserted in each of the Utah Actions.  A true and complete copy of the *Stipulation to Dismiss Claims in the 2016 Utah Action* and the related *Order Approving Stipulation* are attached hereto as **Exhibit 11** and **Exhibit 12**, respectively.  A true and complete copy of the *Stipulation to Dismiss Claims in the 2020 Utah Action* and the related *Order Approving Stipulation* are attached hereto as **Exhibit 13** and **Exhibit 14**, respectively.

2.5.5.    Dismissal of the RB Enterprises Bankruptcy Case.  In addition to obtaining approval of this Agreement from the Arizona Bankruptcy Court, RB Enterprises shall seek from the Alaska Bankruptcy Court: (i) the approval of this Agreement, and (ii) at the election of RB Enterprises, the dismissal of the RB Bankruptcy Case.  Neither Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, nor Mountain Vista shall object to the dismissal of the RB Bankruptcy Case in the event that such dismissal is sought, nor shall they induce or encourage any other party to object.  A true and complete copy of the *Stipulation to Dismiss the RB Bankruptcy Case* and the *Order Approving Stipulation* are collectively attached hereto as **Exhibit 15** and **Exhibit 16**, respectively.

2.6.    Post-Closing Obligations.

2.6.1.    Following the transfer of interests as set forth in Paragraphs 2.3.1 and 2.3.2, Bob Gross and RB Enterprises shall use their best efforts to obtain a novation from the Alaska Housing Finance Corporation ("AHFC") for Mystery Ranch with respect to its co-obligation of the IT, LLC loan within sixty (60) days following the entry of the orders approving the Settlement by the Arizona Bankruptcy Court and the Alaska Bankruptcy Court becoming final and non-appealable.  In the event that they are not able to obtain such novation, Jack Barrett and Dawn Barrett shall be entitled to, but are not required to, take any and all necessary steps they deem necessary to dissolve Mystery Ranch.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

2.6.2.   If there is any delay in the termination of Old Meritage, Jack Barrett and Bob Gross shall cooperate in the submission of the necessary paperwork to change the name of Original Meritage to a name that does not use the term "Meritage". Bob Gross, Melodie Gross, and their affiliated entities agree not to use the term "Meritage" for any current or future business ventures.

2.6.3.   Within ten (10) business days of the Effective Date, Bob Gross and/or Original Meritage will submit the paperwork necessary to transfer any internet domain names using the term "Meritage" to Jack Barrett or his designee.

2.6.4.   RB Enterprises shall provide to Mystery Ranch all documents of IT, LLC and Bistro IT as such records are kept in the ordinary course of business, that are reasonably necessary to the preparation of the tax returns of IT, LLC and Bistro IT until all final tax returns of IT, LLC or Bistro IT that impact Mystery Ranch have been filed with the IRS.  RB Enterprises shall provide to Mystery Ranch all documents of Meritage Management as such records are kept in the ordinary course of business, that are reasonably necessary to the preparation of the tax returns of Meritage Management until all final tax returns of Meritage Management that impact Jack Barrett have been filed with the IRS.

2.7.   <u>Obligations in the Bankruptcy Cases</u>.

2.7.1.   Bob Gross and Original Meritage shall file *Notices of Withdrawal* of their Proofs of Claim designated as Claim Nos. 5 and 6, respectively, on the Claims Registry for the Meritage Bankruptcy Case.  A true and complete copy of the Notices of Withdrawal are attached hereto **Exhibit 17** and **Exhibit 18**, respectively.

2.7.2.   Bob Gross and Original Meritage shall file *Notices of Withdrawal* of their Proofs of Claim designated as Claim Nos. 13 and 14, respectively, on the Claims Registry for the Meritage Bankruptcy Case.  A true and complete copy of the Notices of Withdrawal are attached hereto **Exhibit 19** and **Exhibit 20**, respectively.

2.7.3.   Bob Gross and Original Meritage shall file *Notices of Withdrawal* of (i) their objections to confirmation of Jack Barrett's chapter 11 plan in the Barrett Bankruptcy Case (Barrett Bankruptcy Case Docket No. 142), (ii) their objection to the interim fee application of Beth Przywojski in the Meritage Bankruptcy Case (Meritage Bankruptcy Case Docket No. 263), (iii) their pending subpoenas issued in the Meritage Bankruptcy Case, and (iv) their Motion to Quash Debtor's Subpoenas in the Meritage Bankruptcy Case.  Further, Bob Gross and Original Meritage shall refrain and forbear from filing further objections or motions in the Meritage Bankruptcy Case and the Barrett Bankruptcy Case and/or taking any position which is adverse to Jack Barrett or New Meritage within such proceedings.

2.7.4.   Jack Barrett and New Meritage shall file *Notices of Withdrawal* of (i)  their objections to the Proofs of Claim of Bob Gross and Original Meritage

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

(Barrett Bankruptcy Case Docket No. 134 and Meritage Bankruptcy Case Docket No. 141) in light of Bob Gross and Original Meritage's withdrawal of their Proofs of Claim, (ii) their pending subpoenas issued in the Meritage Bankruptcy Case, and (iii) their Motion to Quash Bob Gross and Original Meritage's Subpoenas in the Meritage Bankruptcy Case.

2.8.    Forbearance of Rights and Remedies.

2.8.1.    North Ogden Project.  Upon the Effective Date, the Gross Parties and their affiliated entities shall not assert any further claim or interest to the 66+ acre real estate project commonly known as Village at Prominence Point located in North Ogden, Utah (the "North Ogden Project"), and shall not interfere either directly or indirectly with the business operations or the development of the North Ogden Project and shall file no further lis pendens or other form of lien with respect to the North Ogden Project.  In connection with the release of the constructive trust interest in the North Ogden Project of which Bob Gross and Original Meritage are beneficiaries, New Meritage shall assume all responsibility for any liability related to the North Ogden Project arising from events occurring after the Effective Date and shall indemnify Bob Gross and Original Meritage only in their capacity as beneficiaries under the constructive trust for such liability.

2.8.2.    Inlet Tower Hotel.  Upon the Effective Date, the Barrett Parties and their affiliated entities shall not assert any further claim to or interfere either directly or indirectly with (i) the Inlet Tower Hotel, (ii) IT, LLC or (iii) Bistro IT or the business operations of the foregoing. In connection with the transfer of Mystery Ranch's interest in IT, LLC and Bistro IT, RB shall assume all responsibility for any liability related to IT, LLC or Bistro IT arising from events occurring after the Effective Date and shall indemnify Mystery Ranch for such liability.

2.8.3.    Meritage Bankruptcy Case.  The Gross Parties agree that they will not assert any further claim of any sort in the Meritage Bankruptcy Case (and shall not induce any third parties from doing so) related to any claims arising from and after the Effective Date.  The Gross Parties agree to refrain and forbear (and shall not induce any third party) from taking any positions in the Meritage Bankruptcy Case which are adverse to the Barrett Parties within such proceeding unless excused from this prohibition under the terms of this Agreement.  The Barrett Parties agree to refrain and forbear (and shall not induce any third party) from taking any positions in the Meritage Bankruptcy Case which are adverse to the Gross Parties within such proceedings unless excused from such prohibition under the terms of this Agreement.

2.8.4.    Barrett Bankruptcy Case.  The Gross Parties agree that they will not assert any further claim of any sort in the Barrett Bankruptcy Case (and shall not induce any third parties from doing so) related to any claims arising from and after the Effective Date.  The Gross Parties agree to refrain and forbear (and shall not induce any third party) from taking any positions in the Barrett Bankruptcy Case which are adverse to the Barrett Parties within such proceeding unless excused from

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

this prohibition under the terms of this Agreement. The Barrett Parties agree to refrain and forbear (and shall not induce any third party) from taking any positions in the Barrett Bankruptcy Case which are adverse to the Gross Parties within such proceedings unless excused from such prohibition under the terms of this Agreement.

2.8.5. <u>RB Bankruptcy Case</u>. The Barrett Parties agree that they will not assert any further claim of any sort in the RB Bankruptcy Case (and shall not induce any third parties from doing so) related to any claims arising from and after the Effective Date. The Barrett Parties agree to refrain and forbear (and shall not induce any third party) from taking any position in the RB Bankruptcy Case which are adverse to the Gross Parties within that proceeding unless excused from this prohibition under the terms of this Agreement. The Gross Parties agree to refrain and forbear (and shall not induce any third party) from taking any position in the RB Bankruptcy Case which are adverse to the Barrett Parties within that proceeding unless excused from this prohibition under the terms of this Agreement.

2.9. <u>No Admission of Liability</u>. This Agreement is for the sole purpose of settling the matters described herein. It is expressly understood and agreed that this Agreement does not constitute and is not evidence of any admission by any of the Parties hereto of any liability or the truth of any allegations whatsoever.

**3.     Timing of Settlement Obligations and Dismissal of Actions.**

3.1. <u>Execution of Exhibits</u>. All documentation necessary to carry out the terms of the Settlement attached hereto as Exhibits shall be fully executed contemporaneously with the execution of this Agreement and jointly held in escrow by Guidant Law, as counsel for the Barrett-related parties, and Buchalter, a Professional Corporation, as counsel for the Gross-related parties. In connection with the execution of the Agreement, counsel for the Parties will share evidence of execution of all Exhibits via Zoom with counsel for the other parties. On the fifteenth (15th) calendar day (that is not a weekend or legal holiday) following the entry of the last order of either the Arizona Bankruptcy Court or the Alaska Bankruptcy Court approving this Settlement, Mr. D. Lamar Hawkins, Mr. Patrick F. Keery, Ms. Nancy Swift and Mr. Anthony J. Napolitano shall meet and confer that each order of the Arizona Bankruptcy Court and the Alaska Bankruptcy Court approving this Settlement is a final and non-appealable order for purposes of establishing the Effective Date. Upon mutual confirmation in writing of the occurrence of the Effective Date by the aforementioned counsel, the executed documents shall be deemed released and the Parties shall proceed with filing such documents as contemplated by this Agreement. In the event the Parties cannot agree on whether the Effective Date has occurred, the Parties shall resolve such dispute in accordance with Paragraph 12.6.2 of this Agreement.

3.2. <u>Notices of Conditional Settlement</u>. On or before March 24, 2021, Bob Gross and Original Meritage shall file *Notices of Conditional Settlement* in the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Utah Actions, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, and the RB Bankruptcy Case.

3.3.     Release of Lis Pendens.  On or before March 19, 2021, Bob Gross and Original Meritage shall record a release of the lis pendens recorded in connection with the Utah Actions per the terms of the Settlement assented to by the Parties on the record in the Arizona Bankruptcy Court before Hon. Daniel P. Collins on March 17, 2021.

3.4.     Bankruptcy Court Approval.  Immediately following execution of this Agreement, Bob Gross, Original Meritage, Jack Barrett and New Meritage shall file joint motions under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the approval of this Agreement by the Arizona Bankruptcy Court in the Barrett Bankruptcy Case and the Meritage Bankruptcy Case. Immediately following execution of this Agreement, RB Enterprises shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the approval of this Agreement by the Alaska Bankruptcy Court in the RB Bankruptcy Case.  All such motions shall be heard on the first available hearing date for the Parties and counsel.  The settlement motion in the Barrett Bankruptcy Case shall also seek authorization under Rule 7041 of the Federal Rules of Bankruptcy Procedure for the dismissal of the claims of Bob Gross and Original Meritage under 11 U.S.C. § 727 objecting to the discharge of Jack Barrett in the Barrett Bankruptcy Case and the Barrett Adversary Proceeding.

3.5.     Transfer of Interests.  On the Effective Date, the following transfers shall be effective:  (i) Mystery Ranch's interest in IT, LLC under Paragraph 2.3.1 of this Agreement, and (ii) Mystery Ranch's interest in Bistro IT under Paragraph 2.3.2 of this Agreement.

3.6.     Dismissal of Actions and Transfer of Court Registry Funds.  Within five (5) business days of the Effective Date:

    3.6.1.   Bob Gross, Original Meritage, Jack Barrett and New Meritage shall file in the Alaska Meritage Action the *Stipulation for Dismissal of the Alaska Meritage Action* required under Paragraph 2.5.1 of this Agreement and the related transfer of court registry funds to Bob Gross required under Paragraph 2.4.2 of this Agreement.

    3.6.2.   Bob Gross, RB Enterprises, Jack Barrett and Mystery Ranch shall file in the Alaska Mystery Ranch Action and the corresponding Alaska Mystery Ranch Arbitration the *Stipulation for Dismissal of the Alaska Mystery Ranch Action and the Alaska Mystery Ranch Arbitration* required under Paragraph 2.5.3 of this Agreement and the related transfer of court registry funds under Paragraph 2.4.1. of this Agreement

    3.6.3.   Bob Gross and Original Meritage shall file in the Barrett Adversary Proceeding the *Stipulation to Dismiss the Barrett Adversary Proceeding* required under Paragraph 2.5.2. of this Agreement.

    3.6.4.   At RB Enterprises' election, RB Enterprises may file in the RB Bankruptcy Case the *Stipulation to Dismiss the RB Bankruptcy Case* required under Paragraph 2.5.5 of this Agreement.

3.7.     Withdrawal of Proofs of Claims and Contested Matters.  Within five (5) business days of the Effective Date:

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

3.7.1.   Bob Gross and Original Meritage shall withdraw their respective Proofs of Claim filed in the Meritage Bankruptcy Case as required under Paragraph 2.7.1. of this Agreement.

3.7.2.   Bob Gross and Original Meritage shall withdraw their respective Proofs of Claim filed in the Barrett Bankruptcy Case as required under Paragraph 2.7.2. of this Agreement.

3.7.3.   Bob Gross and Original Meritage shall file *Notices of Withdrawal* of the documents specified in Paragraph 2.7.3. of this Agreement.

3.7.4.   Jack Barrett and New Meritage shall file *Notices of Withdrawal* of the documents specified in Paragraph 2.7.4 of this Agreement.

## 4.    Representations and Warranties.

4.1.    <u>Authority to Execute Agreement</u>.  Each Party represents and warrants that it has the full power and authority to sign and enter into this Agreement and related settlement documents, to undertake and consummate the transactions contemplated hereby, and to pay, perform and observe all of the conditions, covenants, agreements and obligations contained herein.

4.2.    <u>Advice of Counsel</u>.  Each Party represents and warrants that it has received the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement.

4.3.    <u>No Prior Transfers of Released Items</u>.  Each Party represents and warrants that it has not heretofore sold, assigned, transferred, encumbered, conveyed or otherwise disposed of, including by way of subrogation, any of the charges, claims, complaints, actions, causes of action, liabilities, obligations, promises, benefits, agreements, controversies, rights, damages, debts, costs, losses of services, attorneys' fees, expenses, costs and compensation of any nature whatsoever released in this Agreement.

4.4.    <u>Reliance on Independent Investigation</u>.  Each Party represents and warrants that it has entered into this Agreement in reliance on its own independent investigations and analysis of the facts underlying the subject matter of this Agreement, no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

4.5.    <u>No Frustration of Purpose.</u>  Each Party represents and warrants that it will not take any action, which would tend to defeat the intent, purposes or provisions of this Agreement.

4.6.    <u>Mystery Ranch Representations and Warranties</u>.

4.6.1.   Mystery Ranch represents and warrants that it owns all right, title and interest in and to its interests in IT, LLC free and clear of all liens, encumbrances or other interests and has not transferred, assigned or conveyed its interest in IT, LLC, which representations and warranties shall be true as of the effective date of the transfer.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

BN 44855356v18

4.6.2.    Mystery Ranch represents and warrants that it owns all right, title and interest in and to its interests in Bistro IT free and clear of all liens, encumbrances or other interests and has not transferred, assigned or conveyed its interest in Bistro IT, which representations and warranties shall be true as of the effective date of the transfer.

4.7.    <u>IT, LLC, Bistro IT, Meritage Management Representations and Warranties</u>.

4.7.1.    IT, LLC, Bistro IT, Meritage Management represent and warrant that each entity is current on its respective obligations to third-parties and that each entity intends to remain current on its respective obligations.

4.8.    <u>No Additional Representations</u>.    Except for the representations and warranties expressly set forth in this Agreement, each Party acknowledges that he/she/it has relied wholly upon his/her/its own judgment, belief and knowledge of the existence, nature and extent of each claim, demand or cause of action that he/she/it/they may have against the other Party, which is to be released pursuant to this Agreement and that he/she/it/they has not been influenced to any extent in entering into this Agreement by any representation or statement regarding any such claim, demand or cause of action made by any other Party (except as expressly set forth in this Agreement).

4.9.    <u>No Other Inducement</u>.    Each Party acknowledges and represents to the other Party that no promise, representation or inducement not expressed herein has been made in connection with this Agreement.

**5.      Post-Settlement Litigation Covenants.**

5.1.    Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista, and NOC 1700 agree not to commence any action against Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, Meritage Management seeking to avoid, set aside or unwind the transactions contemplated by this Settlement including, without limitation, the transfer of the ownership interests in IT, LLC or Bistro IT.

5.2.    Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista, and NOC 1700 agree not to induce or solicit any other entity or person to commence any action against Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, or Meritage Management seeking to avoid, set aside or unwind the transactions contemplated by this Settlement including, without limitation, the transfer of the ownership interests in IT, LLC or Bistro IT.

5.3.    Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, Meritage Management agree not commence any action against Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista or NOC 1700 seeking to avoid, set aside or unwind the transactions contemplated by this Settlement.

5.4.    Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, Meritage Management agree not to induce or solicit any other entity to commence any action

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

against Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista or NOC 1700 seeking to avoid, set aside or unwind the transactions contemplated by this Settlement.

**6.    Conditions Precedent.**

6.1.    The conditions precedent for the effectiveness of this Agreement requires: (1) the confirmation by counsel for their respective parties that all signature pages of all Exhibits to this Agreement that are required to be signed have been signed contemporaneously with the execution of this Agreement; and (2) the entry of final and non-appealable orders approving this Agreement by the Arizona Bankruptcy Court and the Alaska Bankruptcy Court.

**7.    Release by the Barrett Related Parties.**

7.1.    Except for the obligations under this Agreement, and subject to the entry of the last order by the Arizona Bankruptcy Court and the Alaska Bankruptcy Court becoming a final and non-appealable order, each of Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista, and NOC 1700, and each of their respective successors, assignors, assigns, present and former affiliates, parents, subsidiaries, divisions and merged or acquired companies and operations and their respective past or present directors, officers, partners, members, managers, employees, independent contractors, agents, attorneys and professionals (the "Barrett Releasing Parties") hereby releases and forever discharges Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, and Meritage Management and each of their respective agents, servants, employees, accountants, attorneys, shareholders, subsidiaries, officers, directors, heirs, executors, administrators, insurers, successors and assigns (the "Gross Released Parties") from any and all claims, demands, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action, rights to indemnity (legal or equitable), rights to subrogation, rights to contribution and remedies of any nature whatsoever, known or unknown, which each of the Barrett Releasing Parties had, now has, or has acquired, individually or jointly, arising from any facts, actions or inactions occurring at any time prior to the date of the execution of this Agreement in any way related to, arising from, or concerning any of the allegations or issues in the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Utah Actions, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, or the RB Bankruptcy Case, including specifically, but not exclusively, and without limiting the generality of the foregoing, any and all of the claims, damages, demands and causes of action, known or unknown, suspected or unsuspected by each of the Barrett Releasing Parties (collectively, the "Barrett Released Claims").

7.2.    In furtherance of the releases given in Paragraphs 7.1 above, the Barrett Releasing Parties each acknowledge that they have been advised of, and are familiar with, the decisions of the Alaska Supreme Court respecting releases, and specifically state that it is still their intention, and it is a purpose of this Agreement, to discharge absolutely the liability of the other for any and all claims arising out of the matters described herein, and the Barrett Releasing Parties each acknowledge and assume all risk, chance or hazard that the damages suffered may be different, or greater or more extensive than is now known, anticipated or expected.  The Barrett Releasing Parties each specifically waive any right they may now or hereafter have to reform, rescind, modify or set aside the releases given above due to a mutual or unilateral mistake or otherwise.  The risk of such uncertainty and mistake is expressly assumed by each of the Barrett Releasing Parties in

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

view of the consideration and mutual releases given. The Barrett Releasing Parties similarly waive and relinquish all rights and benefits afforded by any other similar state law providing that a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or the released party.

7.3. Each of the Barrett Releasing Parties further acknowledge and agree that it may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Barrett Released Claims they may have, but that nonetheless it is each of the Barrett Releasing Parties' intention to fully, finally and forever settle and release all claims, whether known, unknown, fixed, contingent, suspected, unsuspected, or otherwise as to the Barrett Released Claims.

7.4. The release given by the Barrett Releasing Parties shall be null and void in the event that the Gross Released Parties take any action seeking to avoid, set aside or unwind the transactions contemplated by this Settlement, and the Barrett Releasing Parties shall be allowed to reinstitute any proceeding previously dismissed including, without limitation, the Alaska Mystery Ranch Arbitration, the Alaska Mystery Ranch Action, and the Utah Actions.

## 8. Release by the Gross Related Parties.

8.1. Except for the obligations under this Agreement, and subject to the entry of the last order by the Arizona Bankruptcy Court and the Alaska Bankruptcy Court becoming a final and non-appealable order, each of Bob Gross, Melodie Gross, Original Meritage, RB Enterprises, IT, LLC, Bistro IT, Meritage Management, and each of their respective successors, assignors, assigns, present and former affiliates, parents, subsidiaries, divisions and merged or acquired companies and operations and their respective past or present directors, officers, partners, members, managers, employees, independent contractors, agents, attorneys and professionals (the "Gross Releasing Parties") hereby releases and forever discharges Jack Barrett, Dawn Barrett, New Meritage, Mystery Ranch, Mountain Vista, NOC 1700, IT, LLC, Bistro IT, and Meritage Management and each of their respective agents, servants, employees, accountants, attorneys, shareholders, subsidiaries, officers, directors, heirs, executors, administrators, insurers, successors and assigns (the "Barrett Released Parties") from any and all claims, demands, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action, rights to indemnity (legal or equitable), rights to subrogation, rights to contribution and remedies of any nature whatsoever, known or unknown, which each of the Barrett Releasing Parties had, now has, or has acquired, individually or jointly, arising from any facts, actions or inactions occurring at any time prior to the date of the execution of this Agreement in any way related to, arising from, or concerning any of the allegations or issues in the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Utah Actions, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, or the RB Bankruptcy Case, including specifically, but not exclusively, and without limiting the generality of the foregoing, any and all of the claims, damages, demands and causes of action, known or unknown, suspected or unsuspected by each of the Gross Releasing Parties (collectively, the "Gross Released Claims").

8.2. In furtherance of the releases given in Paragraph 8.1 above, the Gross Releasing Parties each acknowledge that they have been advised of, and are familiar with, the decisions of

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

the Alaska Supreme Court respecting releases, and specifically state that it is still their intention, and it is a purpose of this Agreement, to discharge absolutely the liability of the other for any and all claims arising out of the matters described herein, and the Gross Releasing Parties each acknowledge and assume all risk, chance or hazard that the damages suffered may be different, or greater or more extensive than is now known, anticipated or expected.  The Gross Releasing Parties each specifically waive any right they may now or hereafter have to reform, rescind, modify or set aside the releases given above due to a mutual or unilateral mistake or otherwise.  The risk of such uncertainty and mistake is expressly assumed by each of the Gross Releasing Parties in view of the consideration and mutual releases given.  The Gross Releasing Parties similarly waive and relinquish all rights and benefits afforded by any other similar state law providing that a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or the released party.

8.3.    Each of the Gross Releasing Parties further acknowledge and agree that it may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Gross Released Claims they may have, but that nonetheless it is each of the Gross Releasing Parties' intention to fully, finally and forever settle and release all claims, whether known, unknown, fixed, contingent, suspected, unsuspected, or otherwise as to the Gross Released Claims.

8.4.    The release given by the Gross Releasing Parties shall be null and void in the event that the Barrett Released Parties take any action seeking to avoid, set aside or unwind the transactions contemplated by this Agreement including, without limitation, the transfer of the ownership interests in IT, LLC and Bistro IT, and the Gross Releasing Parties shall be allowed to reinstitute any proceeding previously dismissed including, without limitation, the Barrett Adversary Proceeding, the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration or the Utah Actions.

## 9.    Attorneys' Fees and Costs.

9.1.    Each Party shall bear its own attorneys' fees and costs in connection with the Alaska Meritage Action, the Alaska Mystery Ranch Action, the Alaska Mystery Ranch Arbitration, the Utah Actions, the Meritage Bankruptcy Case, the Barrett Bankruptcy Case, the Barrett Adversary Proceeding, and/or the RB Bankruptcy Case, the claims released and the preparation of this Agreement.  In the event of any default or breach of this Agreement, or any action brought to interpret or enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in any such action.

## 10.    Notices.

10.1.    Whenever any Party is required or shall desire to give or serve upon any other Party any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing delivered via certified U.S. Mail or via overnight courier (*e.g.*, FedEx or UPS) to the addresses set forth below:

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

To Robert "Bob" Gross:

Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To Melodie Gross:

Melodie Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To AK Meritage Companies, LLC:

AK Meritage Companies, LLC
Attn:  Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To RB Enterprises, LLC:

RB Enterprises, LLC
Attn:  Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To IT, LLC:

IT, LLC
Attn:  Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To Bistro IT, LLC:

Bistro IT, LLC
Attn:  Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

To Meritage Management Company, LLC:

Meritage Management Company, LLC
Attn:  Robert Gross
205 E Dimond Boulevard, No. 515
Anchorage, Alaska 99515
Telephone: (907) 360-3880

with a copy to
(which shall not constitute notice):

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**
BN 44855356v18

| | |
|---|---|
| To Bankruptcy Counsel for Robert "Bob" Gross, Melodie Gross, AK Meritage Companies, LLC, and RB Enterprises, LLC: | Buchalter, a Professional Corporation<br>Attn:  Nancy K. Swift, Esq.<br>16435 North Scottsdale Road, Suite 440<br>Scottsdale, Arizona 85254-1754<br>Telephone: (408) 383-1804<br>nswift@buchalter.com |

and

Buchalter, a Professional Corporation
Attn:  Anthony J. Napolitano, Esq.
1000 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Telephone: (213) 891-0700
anapolitano@buchalter.com

with a copy to
(which shall not constitute notice):

| | |
|---|---|
| To Litigation Counsel for Robert "Bob" Gross, Melodie Gross, AK Meritage Companies, LLC, and RB Enterprises, LLC: | Boyd, Chandler, Falconer & Munson, LLP<br>Attn:  Bruce Falconer, Esq.<br>911 West Eighth Avenue, Suite 302<br>Anchorage, Alaska 99501<br>Telephone:  (907) 272-8401<br>bfalconer@bcfaklaw.com |
| To Jack A. Barrett: | Jack A. Barrett<br>34806 North 80th Way<br>Scottsdale, Arizona 85262-1027<br>Telephone: (907) 229-8023 |
| To Dawn E. Barrett: | Dawn E. Barrett<br>34806 North 80th Way<br>Scottsdale, Arizona 85262-1027<br>Telephone: (907) 230-7362 |
| To Meritage Companies, LLC: | Meritage Companies, LLC<br>Attn:  Jack A. Barrett<br>34806 North 80th Way<br>Scottsdale, Arizona 85262-1027<br>Telephone: (907) 229-8023 |
| To Mystery Ranch, LLC: | Mystery Ranch, LLC<br>Attn:  Jack A. Barrett<br>34806 North 80th Way<br>Scottsdale, Arizona 85262-1027<br>Telephone: (907) 229-8023 |

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

BN 44855356v18

To Mountain Vista Trails, LLC:      Mountain Vista Trails, LLC
Attn:  Dawn E. Barrett
34806 North 80th Way
Scottsdale, Arizona 85262-1027
Telephone: (907) 230-7362

To NOC 1700, LLC.:      NOC 1700, LLC
Attn:  Dawn E. Barrett
30 N Gould St. Suite N
Sheridan, WY 82801
Telephone: (907) 230-7362

with a copy to
(which shall not constitute notice):

To Bankruptcy Counsel for Jack Barrett and
Meritage Companies, LLC:      Guidant Law, PLC
Attn:  D. Lamar Hawkins, Esq.
402 East Southern Avenue
Tempe, Arizona 85282
Telephone: (602) 888-9229
lamar@guidant.law

with a copy to
(which shall not constitute notice):

To Litigation Counsel for Jack Barrett, Dawn
Barrett, Meritage Companies, LLC, Mystery
Ranch, LLC, and Mountain Vista Trails,
LLC:      Smith Knowles, PC
Attn:  M. Darrin Hammond, Esq.
2225 Washington Blvd., Suite 200
Ogden, Utah 84401
Telephone: (801) 476-0303
dhammond@smithknowles.com

with a copy to
(which shall not constitute notice):

To Counsel for Dawn Barrett, Mountain
Vista Trails, LLC and NOC 1700, LLC:      Keery McCue, PLLC
Attn:  Patrick F. Keery, Esq.
6803 E. Main Street, Suite 1116
Scottsdale, Arizona 85251
Telephone: (480) 478-0709
pfk@keerymccue.com

Service of any such notice, demand or request shall be deemed complete on the date of actual delivery.  Copies of such notice, demand or request sent to counsel for a specific Party shall not constitute notice to such Party.  Any Party may from time to time, by notice in writing served upon the other Party designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

**11.      Interpretation and Enforcement of Agreement.**

11.1.    <u>Entire Agreement</u>.    This Agreement is intended by the Parties as the entire, integrated and final expression of their agreement with respect to the subject matter hereof.  All prior understandings, negotiations, stipulations and provisions relating to the subject matter of this Agreement which preceded or may accompany the execution of this Agreement whether oral or written are hereby merged into this Agreement.

11.2.    <u>No Prejudice to Drafter</u>.  Each Party has had a full and ample opportunity to review this Agreement and to make suggestions or changes to it.  Accordingly, the Parties understand and agree that this Agreement is deemed to have been drafted jointly by the Parties, and the Parties agree that the common-law principles of construing ambiguities against the drafter shall have no application hereto.  This Agreement should be construed fairly and not in favor of or against one Party as the drafter hereof.

11.3.    <u>Further Assurances</u>.  The Parties hereto each agree to execute, acknowledge, verify, deliver, furnish, and to do or cause to be done all other acts and things at such times and in such form or substance as are reasonably necessary to effectuate the terms of this Agreement.

11.4.    <u>Severability</u>.  Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under all applicable laws and regulations.  If, however, any provision of this Agreement shall be prohibited by or invalid under any such law or regulation in any jurisdiction, it shall, as to such jurisdiction, be deemed modified to conform to the minimum requirements of such law or regulation, or, if for any reason it is not deemed so modified, it shall be ineffective and invalid only to the extent of such prohibition or invalidity without affecting the remaining provisions of this Agreement, or the validity or effectiveness of such provision in any other jurisdiction.

11.5.    <u>Survival</u>.    The covenants, releases and indemnifications contained in this Agreement shall survive the full performance of this Agreement.  In the event that any provision of this Agreement should be held to be void, voidable, unlawful or for any reason unenforceable, the remaining provisions or portion of this Agreement shall remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the purpose and intent of the Parties.  This Agreement shall survive the conversion or dismissal of the Meritage Bankruptcy Case, the Barrett Bankruptcy Case and/or the RB Bankruptcy Case and shall be integrated into any Chapter 11 Plan filed in any of these cases.  Any such Chapter 11 Plan shall provide that the obligations of this Agreement shall survive the confirmation of such plan and shall not be discharged under such plan.  Any discrepancy between any such Chapter 11 Plan and this Agreement shall be resolved in favor of this Agreement.

11.6.    <u>Enforcement of Agreement</u>.

11.6.1.      The Parties specifically agree that, unless this Agreement is void *ab initio*:  (1) this Agreement is admissible as evidence and subject to disclosure in any enforcement proceedings, if enforcement is necessary; (2)  all of the material terms of the settlement are set forth herein; (3) this Agreement is enforceable under Rule 58 of the Federal Rules of Civil Procedure, Rule 7058 of

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

the Federal Rules of Bankruptcy Procedure, Rule 58 of the Alaska Rules of Civil Procedure or other similar state laws, and the court, upon motion of either Party, may enter judgment pursuant to the terms hereof; and (4) neither Party shall oppose a motion under Rule 58 of the Federal Rules of Civil Procedure, Rule 7057 of the Federal Rules of Bankruptcy Procedure, Rule 58 of the Alaska Rules of Civil Procedure or other similar state laws to enter judgment pursuant to the terms of this Agreement on the ground that this Agreement is confidential or otherwise privileged.

11.6.2.     Judge Daniel P. Collins shall retain jurisdiction over this Settlement until the Effective Date and shall retain jurisdiction over all actions necessary to be taken by any Party to carry out the terms of this Agreement.  After the Effective Date and the and completion of those actions, Judge Madeleine Wanslee shall have jurisdiction regarding this Agreement and the order(s) approving the Agreement.  The Alaska Superior Court shall retain jurisdiction as necessary to enforce the terms of the Agreement with respect to issues solely within that court's jurisdiction.   The Utah District Court shall retain jurisdiction as necessary to enforce the terms of the Agreement solely with respect to issues within that court's jurisdiction.  The Alaska Bankruptcy Court shall retain jurisdiction as necessary to enforce the terms of the Agreement solely with respect to issues within that court's jurisdiction.

11.6.3.     The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.  No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

11.7.   <u>Successors and Assigns</u>.  This Agreement, including the general releases contained herein, shall inure to the benefit and be binding on the Parties and, as applicable, their assigns, and their successors in interest, including successors in interest whether by purchase, merger, assignment or otherwise.

11.8.   <u>No Modification</u>.  This Agreement may not be amended or supplemented, nor may any rights hereunder be waived, except in a writing signed by each of the Parties hereto.

11.9.   <u>Headings</u>.  Headings contained in this Agreement are inserted as a matter of convenience and for reference, and are not intended and shall not be construed to define, limit, extend or otherwise describe the scope of this Agreement or any provision of this Agreement.

## 12.   **Governing Law and Jurisdiction.**

12.1.   <u>Governing Law</u>.  Without regard to the principles of choice of law or conflicts of law of the particular state or of any other jurisdiction, this Agreement shall be governed by (i) the laws of the State of Alaska with respect to any dispute related to the Inlet Tower Hotel, (ii) the

laws of the State of Utah with respect to any dispute related to the North Ogden Project, and (iii) the laws of the State of Arizona with respect to any dispute related to any other issue not covered under Paragraph 13.1(i) or (ii).

12.2.   Venue.  The forum for resolution of any dispute arising out of this Agreement shall be (i)  the Alaska Superior Court, Third Judicial District at Anchorage with respect to any dispute related to the Inlet Tower Hotel, (ii) the Utah District Court with respect to any dispute related to the North Ogden Project, or (iii) the Arizona Bankruptcy Court, if either the Meritage Bankruptcy Case or the Barrett Bankruptcy Case have not been closed, or Arizona Superior Court, Maricopa County, for any other issue not covered by Paragraph 13.2 (i) or (ii).

## 13.   Miscellaneous Provisions.

13.1.   Counterparts.  This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Agreement.  Delivery of an executed counterpart of this Agreement by facsimile or electronic mail shall be equally as effective as delivery of a manually executed counterpart of this Agreement.  Any party delivering an executed counterpart of this Agreement by facsimile or electronic mail shall deliver a manually executed counterpart of this Agreement, but the failure to deliver a manually executed counterpart shall not affect the validity, enforceability, and binding effect of this Agreement.

13.2.   Electronic Signatures.  The Parties shall be bound by their affixed signatures hereto which may be transmitted by facsimile or electronic mail (in .pdf format) as if such signatures were original "ink" signatures, in which case each one shall constitute an original.

13.3.   Time is of the Essence.  The Parties hereto agree that time is of the essence for this Agreement and that it is of the utmost importance that all of the obligations hereunder be fully performed in strict accordance with the dates and times set forth herein.

13.4.   Cumulative Remedies.  Any specific right or remedy set forth in this Agreement, legal, equitable or otherwise, shall not be exclusive, but shall be cumulative with all other rights or remedies set forth herein or allowed or allowable by law.

### [SIGNATURE PAGES FOLLOWS]

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed as of the date first written above.

ROBERT "BOB" GROSS

By: _____*Robert Gross*_____
     Robert "Bob" Gross

MELODIE A. GROSS

By: _____*Melodie Gross*_____
     Melodie A. Gross

RB ENTERPRISES, LLC, as debtor and debtor in possession

By: _____*Robert Gross*_____
     Robert "Bob" Gross, as Manager and authorized representative

AK MERITAGE COMPANIES, LLC

By: _____*Robert Gross*_____
     Robert "Bob" Gross, as Manager and authorized representative

IT, LLC

By: _____*Robert Gross*_____
     Robert "Bob" Gross, as Manager and authorized representative

BISTRO IT, LLC

By: _____*Robert Gross*_____
     Robert "Bob" Gross, as Manager and authorized representative of RB Enterprises, LLC, a 50% member of Bistro IT, LLC

By: _____
     Jack A. Barrett, as Manager and authorized representative of Mystery Ranch, LLC, a 50% member of Bistro IT, LLC

JACK A. BARRETT

By: _____
     Jack A. Barrett, as debtor and debtor in possession

DAWN E. BARRETT

By: _____
     Dawn E. Barrett

MERITAGE COMPANIES, LLC, as debtor and debtor in possession

By: _____
     Jack A. Barrett, as Manager and authorized representative

MYSTERY RANCH, LLC,

By: _____
     Jack A. Barrett, as Manager and authorized representative

MOUNTAIN VISTA TRAILS, LLC

By: _____
     Dawn E. Barrett, as Manager and authorized representative

MERITAGE MANAGEMENT COMPANY, LLC

By: _____*Robert Gross*_____
     Robert "Bob" Gross, as Manager and authorized representative of RB Enterprises, LLC, a member of Meritage Management Company, LLC

By: _____
     Jack A. Barrett, as 50% member of Meritage Management Company, LLC

NOC 1700, LLC

- 22 -

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed as of the date first written above.

ROBERT "BOB" GROSS

By: _____
     Robert "Bob" Gross

JACK A. BARRETT

By: _____
     Jack A. Barrett, as debtor
     and debtor in possession

MELODIE A. GROSS

By: _____
     Melodie A. Gross

DAWN E. BARRETT

By: _____
     Dawn E. Barrett

RB ENTERPRISES, LLC, as debtor and
debtor in possession

By: _____
     Robert "Bob" Gross, as Manager and
     authorized representative

MERITAGE COMPANIES, LLC, as debtor
and debtor in possession

By: _____
     Jack A. Barrett, as Manager and
     authorized representative

AK MERITAGE COMPANIES, LLC

By: _____
     Robert "Bob" Gross, as Manager and
     authorized representative

MYSTERY RANCH, LLC,

By: _____
     Jack A. Barrett, as Manager and
     authorized representative

IT, LLC

By: _____
     Robert "Bob" Gross, as Manager and
     authorized representative

MOUNTAIN VISTA TRAILS, LLC

By: _____
     Dawn E. Barrett, as Manager and
     authorized representative

BISTRO IT, LLC

By: _____
     Robert "Bob" Gross, as Manager and
authorized representative of RB Enterprises,
LLC, a 50% member of Bistro IT, LLC

By: _____
     Jack A. Barrett, as Manager and
authorized representative of Mystery Ranch,
LLC, a 50% member of Bistro IT, LLC

MERITAGE MANAGEMENT COMPANY,
LLC

By: _____
     Robert "Bob" Gross, as Manager and
authorized representative of RB Enterprises,
LLC, a member of Meritage Management
Company, LLC

By: _____
     Jack A. Barrett, as 50% member of
Meritage Management Company, LLC

NOC 1700, LLC

- 22 -
SETTLEMENT AGREEMENT AND MUTUAL RELEASE

By: _____

       Dawn E. Barrett, as authorized
       representative

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

BN 44855356v18

**Exhibit 1**

**Assignment and Transfer of the IT, LLC Membership Interest**

## AGREEMENT FOR THE ASSIGNMENT OF MEMBER'S
## LIMITED LIABILITY COMPANY INTEREST IN IT, LLC

This *Agreement for the Assignment of Member's Limited Liability Company Interest in IT, LLC* (the "**Agreement**") is entered into as of April 30, 2021, by and among Mystery Ranch, LLC, an Alaska limited liability company ("**Mystery Ranch**"), RB Enterprises, LLC ("**RB Enterprises**"), an Alaska limited liability company, IT, LLC, an Alaska limited liability company (the "**Company**"), Jack Barrett, and Robert "Bob" Gross (collectively, the "**Parties**" and as to each, a "**Party**").

## RECITALS

A.      Mystery Ranch and RB Enterprises each hold a fifty percent (50%) membership interest in the Company under that certain *Operating Agreement of IT, LLC* dated August 12, 2011 (the "**IT Operating Agreement**").  Bob Gross has been designated as the "**Manager**" of the Company under the IT Operating Agreement and currently serves as the Manager of the Company.

B.      In 2014, Jack Barrett and Mystery Ranch commenced an action against Bob Gross and RB Enterprises in the Alaska Superior Court designated as *Mystery Ranch, LLC v. Gross*, Case No. 3AN-14-08418 (Alaska Sup. Ct. 2014) (the "**Alaska Mystery Ranch Action**"), which was referred to arbitration before the American Arbitration Association as Case No. 01-15-0005-1171 (the "**Alaska Mystery Ranch Arbitration**").

C.      In 2015, Jack Barrett and Meritage Companies, LLC ("**New Meritage**") commenced an action against Bob Gross and AK Meritage Companies, LLC ("**Original Meritage**") in the Alaska Superior Court designated as *Meritage Companies, LLC v. Gross*, Case No. 3AN-15-08320 (Alaska Sup. Ct. 2015) (the "**Alaska Meritage Action**").

D.      The Alaska Mystery Ranch Action, the related Alaska Mystery Ranch Arbitration, and the Alaska Meritage Action have resulted in the commencement of additional actions and bankruptcy cases by and among Jack Barrett, New Meritage, Bob Gross and their affiliated entities including:

1.      The chapter 11 bankruptcy case of New Meritage pending in the United States Bankruptcy Court, District of Arizona (the "**Arizona Bankruptcy Court**"), and designated as *In re Meritage Companies, LLC*, Case No. 2:20-bk-07718-MCW (Bankr. D. Ariz.) (the "**Meritage Bankruptcy Case**");

2.      The chapter 11 bankruptcy case of Jack A. Barrett pending in the Arizona Bankruptcy Court, and designated as *In re Barrett*, Case No. 2:20-bk-07712-MCW (Bankr. D. Ariz.) (the "**Barrett Bankruptcy Case**");

3.      The adversary proceeding commenced in the Barrett Bankruptcy Case designated as *Gross v. Barrett (In re Barrett)*, Adv. Proc. No. 2:20-ap-00280-MCW (Bankr. D. Ariz.) (the "**Barrett Adversary Proceeding**");

1

4.  The various state court actions pending in the Utah District Court designated as *Meritage Companies, LLC v. AK Meritage Companies, LLC*, Case No. 150906138 (Utah Dist. Ct. 2015); *AK Meritage Companies, LLC v. Meritage Companies,* LLC, Case No. 160906412 (Utah Dist. Ct. 2016); and *Mountain Vista Trails, LLC v. AK Meritage Companies, LLC*, Case No. 200902574 (Utah Dist. Ct. 2020) (collectively, the "**Utah Actions**"); and

5.  The chapter 11 bankruptcy case of RB Enterprises, LLC pending in the United States Bankruptcy Court, District of Alaska (the "**Alaska Bankruptcy Court**"), and designated as *In re RB Enterprises, LLC*, Case No. 21-00040 (Bankr. D. Ak. 2021) (the "**RB Bankruptcy Case**").

E.  On March 17, 2021, the Parties, including other related parties, participated in a global mediation session before the Honorable Daniel P. Collins, United States Bankruptcy Judge, District of Arizona, and reached a global resolution of all of the claims, counterclaims and contested matters asserted between the Parties in the aforementioned actions and bankruptcy cases. The terms of the settlement were read into the record as reflected by the (1) the Minute Entry entered as Docket No. 292 by Judge Collins in the Barrett Bankruptcy Case, and (2) the Minute Entry entered as Docket No. 311 by Judge Collins in Meritage Bankruptcy Case (collectively, the "**Settlement**"). The Parties and their counsel agreed on the record to the terms of the Settlement at the conclusion of the mediation session.

F.  On April 30, 2021, the Parties, including other related parties, executed a Settlement Agreement and Mutual Release (the "**Settlement Agreement**") documenting the terms of the Settlement. One of the essential and material terms of the settlement includes Mystery Ranch transferring its fifty percent (50%) ownership interest in the Company to RB Enterprises.

G.  In order to implement the terms of the Settlement Agreement, Mystery Ranch agrees pursuant to this Agreement to irrevocably assign and transfer all of its right, title and interest in and to its fifty percent (50%) membership in the Company (the "**Transferred Interest**") to RB Enterprises.

H.  Bob Gross and RB Enterprises, on the one hand, and Jack Barrett and Mystery Ranch, on the other hand, after consultation with their respective legal counsel, have made their own independent assessment of (i) the merits and potential value of the claims asserted by and among the Parties in the above-referenced actions and bankruptcy cases, (ii) the potential recovery for any judgment that may be entered in favor of either of the Parties in the above-referenced actions and bankruptcy cases, and (iii) the estimated amount of time and expense involved in achieving a favorable result, and the risks and associated costs of achieving such a favorable result, in the above-referenced actions and bankruptcy cases. Based upon this independent assessment, the Parties each believe that the settlement achieved including the transfer of the membership interest contemplated by this Agreement reflects part of the full and fair compromise of the foregoing claims, contested matters and actions between the Parties, and that the overall Settlement Agreement and the transaction set forth in this Agreement constitute reasonably equivalent value for the compromise and settlement of this portion of the foregoing

2

claims, contested matters and actions between the Parties as set forth in the Settlement Agreement.

## AGREEMENT

In consideration of the matters described above, the mutual benefits and obligations set forth in this Agreement, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement agree as follows:

1.      Recitals.  The Recitals are incorporated herein by this reference and the Parties agree that the information recited above is true and correct.

2.      Definitions.  Capitalized terms used, but not otherwise defined, in this Agreement have the meaning ascribed to them in the IT Operating Agreement.

3.      Conditions to Assignment; Effective Date.  This Agreement shall become effective on the date that the last of the orders approving the Settlement Agreement of the Arizona Bankruptcy Court and the Alaska Bankruptcy Court become final and non-appealable (the "**Effective Date**").  By way of illustration, if the Arizona Bankruptcy Court order approving the Settlement Agreement is entered on May 5, 2021 and the Alaska Bankruptcy Court order approving the Settlement Agreement is entered on May 10, 2021, then the Effective Date per Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure would be May 24, 2021.  If any of the orders approving the Settlement Agreement are stayed on appeal or otherwise, then the Parties shall confer on whether to waive the finality requirements of this Paragraph.

4.      Transfer and Acceptance.  On the Effective Date, Mystery Ranch hereby transfers, conveys and assigns to RB Enterprises the Transferred Interest, and RB Enterprises hereby accepts the foregoing transfer, conveyance and assignment of the Transferred Interest such that RB Enterprises shall become the sole owner and sole member of the Company as of the Effective Date.  On the Effective Date, Mystery Ranch hereby waives any rights it may have as a result of its prior ownership interest to any profit distributions or the return of any capital contributions.  As part of this transfer, RB Enterprises shall assume all responsibility for any liability or pass-through liability of the Company arising from events occurring after the Effective Date and shall indemnify Mystery Ranch for such liability.

5.      Consideration for Transfer.  The consideration for the transfer of the Transferred Interest consists of the global settlement and mutual releases as set forth in the Settlement Agreement.

6.      Tax Treatment.

6.1.      Prorations.  The Company is hereby authorized to prorate Net Profits and Net Losses attributable to the Transferred Interest between Mystery Ranch and RB Enterprises using the same reporting methods, accounting principles, and calculations as were used by the Company up through tax year 2019. All tax liabilities, pass-throughs, profits, losses etc. for future tax returns of the Company (including the full calendar year of 2020 and the partial tax year of 2021) shall be calculated using in the same reporting methods, accounting principles, and calculations as were used by the Company up through tax year 2019.

6.2.    <u>Final Return.</u>   The Company shall complete a hard closing of the books and records of the Company as of the Effective Date and shall file a final partnership return as of the Effective Date within 90 calendar days of the Effective Date which shall show that all assets, liabilities and capital accounts of the Company are zero as of the Effective Date. The Company shall report the termination of partnership treatment of the Company to the IRS for tax purposes and shall report any liquidating distributions to the IRS.

6.3.    <u>Filing of Returns.</u>   The 2020 tax return for the Company shall be filed prior to or simultaneous with the short year 2021 tax return.

6.4.    <u>Post-Effective Date Tax Status.</u>    After termination of the Company's partnership tax status with the IRS, RB Enterprises, the Company, and Bob Gross shall have sole authority to determine tax treatment of the Company.

7.    <u>Succession to Rights</u>.   Effective as of the Effective Date, RB Enterprises will succeed to the Capital Account and any and all other items attributable to the Transferred Interest and RB Enterprises will be deemed to be a substituted Member in respect of the Transferred Interest.

8.    <u>Resignation; No Further Interest in the Transferred Interest</u>.   Mystery Ranch acknowledges and agrees that, effective as of the Effective Date, Mystery Ranch will have no further right to the Profits, Losses, other proceeds, capital or any other interest in, or in respect of, the Transferred Interest.

9.    <u>Consent to Transfer</u>.

9.1.    <u>Members' Consent</u>.   Each Member of the Company hereby consents to (i) the transfer of the Transferred Interest from Mystery Ranch to RB Enterprises, and (ii) RB Enterprises' admission to the Company as a substituted Member in respect of the Transferred Interest.

9.2.    <u>Manager's Consent</u>.   The Manager of the Company hereby consents to (i) the transfer of the Transferred Interest from Mystery Ranch to RB Enterprises, and (ii) RB Enterprises' admission to the Company as a substituted Member in respect of the Transferred Interest.

10.    <u>Representations and Warranties</u>.

10.1.    <u>Mystery Ranch's Representations and Warranties</u>.

(a)    <u>Due Authorization</u>.   Mystery Ranch has the legal capacity and all requisite power and authority to enter into this Agreement, to perform the obligations required of Mystery Ranch to be performed, and to be bound by the terms hereof.

(b)    <u>Enforceability</u>.    This Agreement has been duly executed by Mystery Ranch, and, assuming the due authorization, execution and delivery by the other parties to this Agreement, is a valid and binding obligation of Mystery Ranch enforceable in accordance with its terms.

4

(c)  <u>Title to Transferred Interest</u>.  As of the date of this Agreement and as of the Effective Date, Mystery Ranch is the sole, lawful owner of the Transferred Interest and has marketable title to the Transferred Interest free and clear of any claims, liens, pledges, hypothecations, encumbrances or restrictions of any kind.

10.2.  <u>RB Enterprises' Representations and Warranties</u>.

(a)  <u>Due Authorization</u>.  RB Enterprises has the legal capacity and all requisite power and authority to enter into this Agreement, to perform the obligations required of RB Enterprises to be performed, and to be bound by the terms hereof.

(b)  <u>Enforceability</u>.  This Agreement has been duly executed by RB Enterprises, and, assuming the due authorization, execution and delivery by the other parties to this Agreement, is a valid and binding obligation of RB Enterprises enforceable in accordance with its terms.

(c)  <u>Company's Obligations</u>.  RB Enterprises and the Company represent and warrant that the Company is current on its obligations to third-parties and that the Company intends to remain current on such obligations.

11.  <u>Tax Consequences</u>.  Each Party hereto has reviewed with their own tax advisors the federal, state, local and foreign tax consequences of the transactions contemplated by this Agreement.  Each Party is relying solely on such advisors and not on any statements or representations of any other party or the Company or any of their agents.  Each Party hereto understands that they (and not any other party or the Company) will be responsible for any tax liability that may arise as a result of the transactions contemplated by this Agreement.  RB Enterprises shall provide to Mystery Ranch all pertinent documents of the Company, as such records are kept in the ordinary course of business, that are reasonably necessary to the preparation of the tax returns of the Company until all final tax returns of the Company that impact Mystery Ranch have been filed with the IRS.

12.  <u>Miscellaneous</u>.

12.1.  <u>Choice of Law</u>.  The interpretation, performance and enforcement of this Agreement will be governed by, and construed in accordance with, the laws of the State of Alaska, excluding those laws that direct the application of the laws of another jurisdiction.

12.2.  <u>Further Assurances</u>.   The Parties hereto each agree to execute, acknowledge, verify, deliver, furnish, and to do or cause to be done all other acts and things at such times and in such form or substance as are reasonably necessary to effectuate the terms of this Agreement.

12.3.  <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of which will be deemed an original Agreement, but all of which will constitute one Agreement, binding on the parties hereto.  Counterparts may be delivered via facsimile, electronic mail (including .pdf) or other reliable electronic means and any counterpart so delivered will be deemed to have been duly and validly delivered and be valid and effective for all purposes.

BN 44871345v10

12.4.    <u>Entire Agreement</u>.  This Agreement is intended by the Parties as the entire, integrated and final expression of their agreement with respect to the subject matter hereof.  If there are any inconsistencies between this Agreement and the Settlement Agreement, the Settlement Agreement shall control.  All prior understandings, negotiations, stipulations and provisions relating to the subject matter of this Agreement which preceded or may accompany the execution of this Agreement whether oral or written are hereby merged into this Agreement.

12.5.    <u>No Prejudice to Drafter</u>.  Each Party has had a full and ample opportunity to review this Agreement and to make suggestions or changes to it.  Accordingly, the Parties understand and agree that this Agreement is deemed to have been drafted jointly by the Parties, and the Parties agree that the common-law principles of construing ambiguities against the drafter shall have no application hereto.  This Agreement should be construed fairly and not in favor of or against one Party as the drafter hereof.

12.6.    <u>Attorneys' Fees</u>.  If any proceeding or arbitration is commenced between the parties or their representatives concerning any provision of this Agreement and/or the rights and duties of any person or entity in relation thereto, then the prevailing party in such proceeding or arbitration will be entitled to recover attorneys' fees and costs.

12.7.    <u>Severability</u>.  Every provision of this Agreement is intended to be severable.  If any term or provision hereof is declared by a court of competent jurisdiction to be illegal or invalid, such illegal or invalid terms or provisions will not affect the other terms and provisions hereof, which terms and provisions will remain binding and enforceable.

12.8.    <u>Advice of Counsel</u>.  Each Party represents and warrants that it has received the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement.

12.9.    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit and be binding on the Parties and, as applicable, their assigns, and their successors in interest, including successors in interest whether by purchase, merger, assignment or otherwise.

12.10.    <u>No Modification</u>.  This Agreement may not be amended or supplemented, nor may any rights hereunder be waived, except in a writing signed by each of the Parties hereto.

12.11.    <u>Headings</u>.  Headings contained in this Agreement are inserted as a matter of convenience and for reference, and are not intended and shall not be construed to define, limit, extend or otherwise describe the scope of this Agreement or any provision of this Agreement.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the Parties have executed this *Agreement for the Assignment of Member's Limited Liability Company Interest in IT, LLC* as of the date first written above.

ROBERT "BOB" GROSS                    JACK A. BARRETT

By: _____          By: _____
     Robert "Bob" Gross                         Jack A. Barrett, as debtor
                                               and debtor in possession

RB ENTERPRISES, LLC, as debtor and    MYSTERY RANCH, LLC,
debtor in possession

By: _____          By: _____
     Robert "Bob" Gross, as Manager             Jack A. Barrett, as Manager and
     and Member                                 Member

By: _____          By: _____
     Melodie Gross, as Member                   Dawn E. Barrett, as Member

IT, LLC

By: _____
     Robert "Bob" Gross, as Manager and
     authorized representative

7

**Exhibit 2**


**Assignment and Transfer of the Bistro IT, LLC Membership Interest**

### AGREEMENT FOR THE ASSIGNMENT OF MEMBER'S
### LIMITED LIABILITY COMPANY INTEREST IN BISTRO IT, LLC

This *Agreement for the Assignment of Member's Limited Liability Company Interest in Bistro IT, LLC* (the "**Agreement**") is entered into as of April 30, 2021, by and among Mystery Ranch, LLC, an Alaska limited liability company ("**Mystery Ranch**"), RB Enterprises, LLC, an Alaska limited liability company ("**RB Enterprises**"), Bistro IT, LLC, an Alaska limited liability company (the "**Company**"), Jack Barrett, and Robert "Bob" Gross (collectively, the "**Parties**" and as to each, a "**Party**").

### RECITALS

A.      Mystery Ranch and RB Enterprises each hold a fifty percent (50%) membership interest in the Company as specified by that certain *Initial Report Limited Liability Company* submitted to the State of Alaska, Divisions of Corporations, Business and Professional Licensing on November 2, 2011.  The Company is not governed by a written operating agreement.  Bob Gross has been designated as the "**Manager**" of the Company and currently serves as the Manager of the Company.

B.      In 2014, Jack Barrett and Mystery Ranch commenced an action against Bob Gross and RB Enterprises in the Alaska Superior Court designated as *Mystery Ranch, LLC v. Gross*, Case No. 3AN-14-08418 (Alaska Sup. Ct. 2014) (the "**Alaska Mystery Ranch Action**"), which was referred to arbitration before the American Arbitration Association as Case No. 01-15-0005-1171 (the "**Alaska Mystery Ranch Arbitration**").

C.      In 2015, Jack Barrett and Meritage Companies, LLC ("**New Meritage**") commenced an action against Bob Gross and AK Meritage Companies, LLC ("**Original Meritage**") in the Alaska Superior Court designated as *Meritage Companies, LLC v. Gross*, Case No. 3AN-15-08320 (Alaska Sup. Ct. 2015) (the "Alaska Meritage Action").

D.      The Alaska Mystery Ranch Action, the related Alaska Mystery Ranch Arbitration, and the Alaska Meritage Action have resulted in the commencement of additional actions and bankruptcy cases by and among Jack Barrett, New Meritage, Bob Gross and their affiliated entities including:

    1.      The chapter 11 bankruptcy case of New Meritage pending in the United States Bankruptcy Court, District of Arizona (the "**Arizona Bankruptcy Court**"), and designated as *In re Meritage Companies, LLC*, Case No. 2:20-bk-07718-MCW (Bankr. D. Ariz.) (the "**Meritage Bankruptcy Case**");

    2.      The chapter 11 bankruptcy case of Jack A. Barrett pending in the Arizona Bankruptcy, and designated as *In re Barrett*, Case No. 2:20-bk-07712-MCW (Bankr. D. Ariz.) (the "**Barrett Bankruptcy Case**");

1

3.      The adversary proceeding commenced in the Barrett Bankruptcy Case designated as *Gross v. Barrett (In re Barrett)*, Adv. Proc. No. 2:20-ap-00280-MCW (Bankr. D. Ariz.) (the "**Barrett Adversary Proceeding**");

4.      The various state court actions pending in the Utah District Court designated as *Meritage Companies, LLC v. AK Meritage Companies, LLC*, Case No. 150906138 (Utah Dist. Ct. 2015); *AK Meritage Companies, LLC v. Meritage Companies, LLC*, Case No. 160906412 (Utah Dist. Ct. 2016); and *Mountain Vista Trails, LLC v. AK Meritage Companies, LLC*, Case No. 200902574 (Utah Dist. Ct. 2020) (collectively, the "**Utah Actions**"); and

5.      The chapter 11 bankruptcy case of RB Enterprises, LLC pending in the United States Bankruptcy Court, District of Alaska (the "**Alaska Bankruptcy Court**"), and designated as *In re RB Enterprises, LLC*, Case No. 21-00040 (Bankr. D. Ak. 2021) (the "**RB Bankruptcy Case**").

E.      On March 17, 2021, the Parties, including other related parties, participated in a global mediation session before the Honorable Daniel P. Collins, United States Bankruptcy Judge, District of Arizona, and reached a global resolution of all of the claims, counterclaims and contested matters asserted between the Parties in the aforementioned actions and bankruptcy cases.  The terms of the settlement were read into the record as reflected by the (1) the Minute Entry entered as Docket No. 292 by Judge Collins in the Barrett Bankruptcy Case, and (2) the Minute Entry entered as Docket No. 311 by Judge Collins in Meritage Bankruptcy Case (collectively, the "**Settlement**").  The Parties and their counsel agreed on the record to the terms of the Settlement at the conclusion of the mediation session.

F.      On April 30, 2021, the Parties, including other related parties, executed a Settlement Agreement and Mutual Release (the "**Settlement Agreement**") documenting the terms of the Settlement.  One of the essential and material terms of the settlement includes Mystery Ranch transferring its fifty percent (50%) ownership interest in the Company to RB Enterprises.

G.      In order to implement the terms of the Settlement Agreement, Mystery Ranch agrees pursuant to this Agreement to irrevocably assign and transfer all of its right, title and interest in and to its fifty percent (50%) membership in the Company (the "**Transferred Interest**") to RB Enterprises.

H.      Bob Gross and RB Enterprises, on the one hand, and Jack Barrett and Mystery Ranch, on the other hand, after consultation with their respective legal counsel, have made their own independent assessment of (i) the merits and potential value of the claims asserted by and among the Parties in the above-referenced actions and bankruptcy cases, (ii) the potential recovery for any judgment that may be entered in favor of either of the Parties in the above-referenced actions and bankruptcy cases, and (iii) the estimated amount of time and expense involved in achieving a favorable result, and the risks and associated costs of achieving such a favorable result, in the above-referenced actions and bankruptcy cases.  Based upon this independent assessment, the Parties each believe that the settlement achieved including the transfer of the membership interest contemplated by this Agreement reflects part of the full and

fair compromise of the foregoing claims, contested matters and actions between the Parties, and that the overall Settlement Agreement and the transaction set forth in this Agreement constitute reasonably equivalent value for the compromise and settlement of this portion of the foregoing claims, contested matters and actions between the Parties as set forth in the Settlement Agreement.

<div align="center">**AGREEMENT**</div>

In consideration of the matters described above, the mutual benefits and obligations set forth in this Agreement, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement agree as follows:

1.    Recitals.  The Recitals are incorporated herein by this reference and the Parties agree that the information recited above is true and correct.

2.    Conditions to Assignment; Effective Date.  This Agreement shall become effective on the date that the last of the orders approving the Settlement Agreement of the Arizona Bankruptcy Court and the Alaska Bankruptcy Court become final and non-appealable (the "**Effective Date**").  By way of illustration, if the Arizona Bankruptcy Court order approving the Settlement Agreement is entered on May 5, 2021 and the Alaska Bankruptcy Court order approving the Settlement Agreement is entered on May 10, 2021, then the Effective Date per Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure would be May 24, 2021.  If any of the orders approving the Settlement Agreement are stayed on appeal or otherwise, then the Parties shall confer on whether to waive the finality requirements of this Paragraph.

3.    Transfer and Acceptance.  On the Effective Date, Mystery Ranch hereby transfers, conveys and assigns to RB Enterprises the Transferred Interest, and RB Enterprises hereby accepts the foregoing transfer, conveyance and assignment of the Transferred Interest such that RB Enterprises shall become the sole owner and sole member of the Company as of the Effective Date.  On the Effective Date, Mystery Ranch hereby waives any rights it may have as a result of its prior ownership interest to any profit distributions or the return of any capital contributions.  As part of this transfer, RB Enterprises shall assume all responsibility for any liability or pass-through liability of the Company arising from events occurring after the Effective Date and shall indemnify Mystery Ranch for such liability.

4.    Consideration for Transfer.  The consideration for the transfer of the Transferred Interest consists of the global settlement and mutual releases as set forth in the Settlement Agreement.

5.    Tax Treatment.

5.1.    Prorations.  The Company is hereby authorized to prorate Net Profits and Net Losses attributable to the Transferred Interest between Mystery Ranch and RB Enterprises using the same reporting methods, accounting principles, and calculations as were used by the Company up through tax year 2019.  All tax liabilities, pass-throughs, profits, losses etc. for future tax returns of the Company (including the full calendar year of 2020 and the partial tax year of 2021) shall be calculated using in the same reporting methods, accounting principles, and calculations as were used by the Company up through tax year 2019.

<div align="center">3</div>

5.2.    Final Return.    The Company shall complete a hard closing of the books and records of the Company as of the Effective Date and shall file a final partnership return as of the Effective Date within 90 calendar days of the Effective Date which shall show that all assets, liabilities and capital accounts of the Company are zero as of the Effective Date. The Company shall report the termination of partnership treatment of the Company to the IRS for tax purposes and shall report any liquidating distributions to the IRS.

5.3.    Filing of Returns.    The 2020 tax return for the Company shall be filed prior to or simultaneous with the short year 2021 tax return.

5.4.    Post-Effective Date Tax Status.    After termination of the Company's partnership tax status with the IRS, RB Enterprises, the Company, and Bob Gross shall have sole authority to determine tax treatment of the Company.

6.    Succession to Rights.    Effective as of the Effective Date, RB Enterprises will succeed to the capital account and any and all other items attributable to the Transferred Interest and RB Enterprises will be deemed to be a substituted Member in respect of the Transferred Interest.

7.    Resignation; No Further Interest in the Transferred Interest.    Mystery Ranch acknowledges and agrees that, effective as of the Effective Date, Mystery Ranch will have no further right to the profits, losses, other proceeds, capital or any other interest in, or in respect of, the Transferred Interest.

8.    Consent to Transfer.

8.1.    Members' Consent.    Each Member of the Company hereby consents to (i) the transfer of the Transferred Interest from Mystery Ranch to RB Enterprises, and (ii) RB Enterprises' admission to the Company as a substituted Member in respect of the Transferred Interest.

8.2.    Manager's Consent.    The Manager of the Company hereby consents to (i) the transfer of the Transferred Interest from Mystery Ranch to RB Enterprises, and (ii) RB Enterprises' admission to the Company as a substituted Member in respect of the Transferred Interest.

9.    Representations and Warranties.

9.1.    Mystery Ranch's Representations and Warranties.

(a)    Due Authorization.    Mystery Ranch has the legal capacity and all requisite power and authority to enter into this Agreement, to perform the obligations required of Mystery Ranch to be performed, and to be bound by the terms hereof.

(b)    Enforceability.    This Agreement has been duly executed by Mystery Ranch, and, assuming the due authorization, execution and delivery by the other parties to this Agreement, is a valid and binding obligation of Mystery Ranch enforceable in accordance with its terms.

4

(c)    <u>Title to Transferred Interest</u>.  As of the date of this Agreement and as of the Effective Date, Mystery Ranch is the sole, lawful owner of the Transferred Interest and has marketable title to the Transferred Interest free and clear of any claims, liens, pledges, hypothecations, encumbrances or restrictions of any kind.

9.2.    <u>RB Enterprises' Representations and Warranties</u>.

(a)    <u>Due Authorization</u>.  RB Enterprises has the legal capacity and all requisite power and authority to enter into this Agreement, to perform the obligations required of RB Enterprises to be performed, and to be bound by the terms hereof.

(b)    <u>Enforceability</u>.  This Agreement has been duly executed by RB Enterprises, and, assuming the due authorization, execution and delivery by the other parties to this Agreement, is a valid and binding obligation of RB Enterprises enforceable in accordance with its terms.

(c)    <u>Company's Obligations</u>.  RB Enterprises and the Company represent and warrant that the Company is current on its obligations to third-parties and that the Company intends to remain current on such obligations.

10.    <u>Tax Consequences</u>.  Each Party hereto has reviewed with their own tax advisors the federal, state, local and foreign tax consequences of the transactions contemplated by this Agreement.  Each Party is relying solely on such advisors and not on any statements or representations of any other party or the Company or any of their agents.  Each Party hereto understands that they (and not any other party or the Company) will be responsible for any tax liability that may arise as a result of the transactions contemplated by this Agreement.  RB Enterprises shall provide to Mystery Ranch all pertinent documents of the Company, as such records are kept in the ordinary course of business, that are reasonably necessary to the preparation of the tax returns of the Company until all final tax returns of the Company that impact Mystery Ranch have been filed with the IRS.

11.    <u>Miscellaneous</u>.

11.1.    <u>Choice of Law</u>.  The interpretation, performance and enforcement of this Agreement will be governed by, and construed in accordance with, the laws of the State of Alaska, excluding those laws that direct the application of the laws of another jurisdiction.

11.2.    <u>Further Assurances</u>.  The Parties hereto each agree to execute, acknowledge, verify, deliver, furnish, and to do or cause to be done all other acts and things at such times and in such form or substance as are reasonably necessary to effectuate the terms of this Agreement.

11.3.    <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of which will be deemed an original Agreement, but all of which will constitute one Agreement, binding on the parties hereto.  Counterparts may be delivered via facsimile, electronic mail (including .pdf) or other reliable electronic means and any counterpart so delivered will be deemed to have been duly and validly delivered and be valid and effective for all purposes.

BN 44872386v10

11.4.    Entire Agreement.  This Agreement is intended by the Parties as the entire, integrated and final expression of their agreement with respect to the subject matter hereof.  If there are any inconsistencies between this Agreement and the Settlement Agreement, the Settlement Agreement shall control.  All prior understandings, negotiations, stipulations and provisions relating to the subject matter of this Agreement which preceded or may accompany the execution of this Agreement whether oral or written are hereby merged into this Agreement.

11.5.    No Prejudice to Drafter.  Each Party has had a full and ample opportunity to review this Agreement and to make suggestions or changes to it.  Accordingly, the Parties understand and agree that this Agreement is deemed to have been drafted jointly by the Parties, and the Parties agree that the common-law principles of construing ambiguities against the drafter shall have no application hereto.  This Agreement should be construed fairly and not in favor of or against one Party as the drafter hereof.

11.6.    Attorneys' Fees.  If any proceeding or arbitration is commenced between the parties or their representatives concerning any provision of this Agreement and/or the rights and duties of any person or entity in relation thereto, then the prevailing party in such proceeding or arbitration will be entitled to recover attorneys' fees and costs.

11.7.    Severability.  Every provision of this Agreement is intended to be severable.  If any term or provision hereof is declared by a court of competent jurisdiction to be illegal or invalid, such illegal or invalid terms or provisions will not affect the other terms and provisions hereof, which terms and provisions will remain binding and enforceable.

11.8.    Advice of Counsel.  Each Party represents and warrants that it has received the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement.

11.9.    Successors and Assigns.  This Agreement shall inure to the benefit and be binding on the Parties and, as applicable, their assigns, and their successors in interest, including successors in interest whether by purchase, merger, assignment or otherwise.

11.10.    No Modification.  This Agreement may not be amended or supplemented, nor may any rights hereunder be waived, except in a writing signed by each of the Parties hereto.

11.11.    Headings.  Headings contained in this Agreement are inserted as a matter of convenience and for reference, and are not intended and shall not be construed to define, limit, extend or otherwise describe the scope of this Agreement or any provision of this Agreement.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the Parties have executed this *Agreement for the Assignment of Member's Limited Liability Company Interest in Bistro IT, LLC* as of the date first written above.

ROBERT "BOB" GROSS                          JACK A. BARRETT

By: _____               By: _____
    Robert "Bob" Gross                           Jack A. Barrett, as debtor
                                                 and debtor in possession

RB ENTERPRISES, LLC, as debtor and          MYSTERY RANCH, LLC,
debtor in possession

By: _____               By: _____
    Robert "Bob" Gross, as Manager              Jack A. Barrett, as Manager and
    and Member                                   Member

By: _____               By: _____
    Melodie Gross, as Member                    Dawn E. Barrett, as Member

BISTRO IT, LLC

By: _____
    Robert "Bob" Gross, as Manager and
    authorized representative

7

**Exhibit 3**

**Articles of Dissolution for Meritage Management Company, LLC**

**COR**

THE STATE
of
# ALASKA

*Department of Commerce, Community, and Economic Development*
*Division of Corporations, Business and Professional Licensing*

**Corporations Section**
State Office Building, 333 Willoughby Avenue, 9th Floor
PO Box 110806, Juneau, AK 99811-0806
Phone: (907) 465-2550 • Fax: (907) 465-2974
Email: *corporations@alaska.gov*
Website: *Corporations.Alaska.Gov*

FOR DIVISION USE ONLY

# Articles of Dissolution
## Domestic Limited Liability Company (AS 10.50)

- This Articles of Dissolution is only for a Domestic Limited Liability Company. Once filed, the entity will be placed into a "Voluntarily Dissolved" status.

- This form will not be filed if the official signing this form does not match an official on record for this entity, and/or if your entity's biennial report is not current. Verify your entity's status and current information online at: *www.Corporations.Alaska.Gov*, click *Search Corporations Database.*

- Standard processing time for complete and correct filings submitted to this office is approximately 10-15 business days (2-3 weeks). All filings are reviewed in the date order they are received.

- The information you submit is a public record and will be posted online at *www.Corporations.Alaska.Gov.*

**Important:**
*A limited liability company is dissolved, and its affairs shall be wound up when the first of the following occurs:*
1) At the time or on the happening of events specified for dissolution in an operating agreement of the company;
2) all of the members of the company consent in writing; or
3) the superior court enters a decree for judicial dissolution of the company under AS 10.50.405 & AS 10.50.400

Each Domestic Limited Liability Company is required to keep and make available its records. — AS 10.50.870

| PART I | Payment of Fees | 3 AAC 16.065 |
|---|---|---|

| Fee: | ☒ Non-Refundable Filing Fee | $25.00 |
|---|---|---|
| | *Mail this form and the non-refundable $25 filing fee in U.S. dollars to the letterhead address. Make the check or money order payable to the State of Alaska, or use the attached credit card payment form.* | |

| PART II | Entity Information | AS 10.50.430(1) |
|---|---|---|

| Entity Name: | Meritage Management Company, LLC | Alaska Entity Number: | 97067 |
|---|---|---|---|

| PART III | Attestations | AS 10.50.430 |
|---|---|---|

*By submitting this form, I am confirming:*

☒ This entity is in Good Standing.
☒ All biennial reports due have been filed and paid.
☒ Per AS 10.50.430(2), the date of the articles of organization and date of any amendments on record with this Division are made available online in the entity's corporate record.

*To verify the entity's status and reports, go to www.Corporations.Alaska.Gov, click Search Corporations Database.*

**PART IV**  **Reason(s) for LLC's Dissolution**  110                                AS 10.50.430(3)

Briefly state the reason(s) for filing Articles of Dissolution:

Business of the LLC has concluded.

**PART V**  **Effective Date of Dissolution**                                AS 10.50.430(4)

Complete this section *ONLY* if date is different from the date of filing this Articles of Dissolution with this office. State the effective date of dissolution in cell below.

| Effective Date *(mm/dd/yyyy)*: | |

**PART VI**  **Pertinent Dissolution Information**                                AS 10.50.430(5)

Any other information determined appropriate by the members or managers filing the Articles of Dissolution:

**PART VII**  **Required Signature**                        AS 10.50.840(a), 10.50.840(c), 10.06.825

The Articles of Dissolution must be signed by a member or a manager currently on record with this office, or an Attorney-in-Fact. Per AS 10.06.825, persons who sign documents filed with the commissioner that are known to the person to be false in material respects are guilty of a class A misdemeanor.

To verify the members/managers currently on record, go to www.*Corporations.Alaska.Gov*, click *Search Corporations Database*.

| Name: | RB Enterprises, LLC | Title: | Member/Manager or Attorney-in-fact Member/Manager |
| Signature: | Bob Gross Member, Manager | Date: | |

*If signing on behalf of a member or manager that is another entity or a trust, then you must identify the signer's relationship and signing authority on behalf of the entity or trust. For example: John Smith, President of XYZ Inc. the sole member of ABC LLC; or, John Smith, Trustee of ABC Revocable Trust.*

*Remember to notify other sections of this division when appropriate:*

**BUSINESS LICENSING SECTION**:
Submit Business License: Request to Cancel (form 08-4732) to cancel any business licenses associated with this entity.  Go to *www.BusinessLicense.Alaska.Gov* for more information and forms.

**PROFESSIONAL LICENSING SECTION:**
Email *License@Alaska.Gov* for more information and appropriate forms.

**COR**



The State *of* **ALASKA**

Department of Commerce, Community and Economic Development
Division of Corporations, Business and Professional Licensing

FOR DIVISION USE ONLY

**Corporations Section**
State Office Building, 333 Willoughby Avenue, 9th Floor
PO Box 110806, Juneau, AK  99811-0806
Phone: (907) 465-2550  •  Fax: (907) 465-2974
Email: *corporations@alaska.gov*
Website: *Corporations.Alaska.Gov*

## Contact Information

- Return this form with your filing
- This information may be used by the Division to assist with processing your attached filings
- This form will not be filed for record, or appear online

| **Entity Information** | Enter your entity information as it appears on this filing. |
|---|---|
| Entity Name: | Meritage Management Company, LLC |
| AK Entity #: | 97067 |

| **Contact Person** | Whom may we contact with any questions or problems with this filing? |
|---|---|
| Company: | |
| Contact: | Bob Gross |
| Mailing Address: | Address: 205 E Dimond Blvd #515 |
| | City: Anchorage     State: AK     ZIP: 99515 |
| Phone: | |
| Email: | |

**Document Return Address** — Provide an address for the return of your filed documents.

☒ Return my filings to the address provided **ABOVE**
☐ Return my filings to this address provided **BELOW**

| Company: | |
|---|---|
| Contact: | |
| Mailing Address: | Address: |
| | City:     State:     ZIP: |

THE STATE
*of* ALASKA

*Department of Commerce, Community, and Economic Development*
*Division of Corporations, Business and Professional Licensing*

State of Alaska
Department of Commerce, Community, and Economic Development
Division of Corporations, Business and Professional Licensing
PO Box 110806, Juneau, AK 99811
Phone: (907) 465-2550

FOR DIVISION USE ONLY

# Credit Card Payment Form

All major credit cards are accepted. For security purposes, <u>do not email</u> credit card information. Include this credit card payment form with your application.

Name of Applicant or Licensee: _____

Program Type: _____    License Number *(if applicable)*: _____

I wish to make payment by credit card for the following *(check all that apply)*:   **AMOUNT**

☐ Application Fee: _____    _____

☐ License or Renewal Fee: _____    _____

☐ Other *(name change, wall certificate, fine, duplicate license, exam, etc.)*:

    1. _____    _____

    2. _____    _____

                                 **TOTAL:**    _____ 0

Name *(as shown on credit card)*: _____

Mailing Address: _____

Phone Number: _____    Email *(optional)*: _____

**Signature of Credit Card Holder:** _____

08-4438          Rev 12/26/18          Credit Card Payment Form (all major cards accepted)

---

| **CREDIT CARD INFO:  Your payment cannot be processed unless all fields are completed!** |
|---|

**1.** Credit Card Number: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**2.** Expiration Date:    - - - - - - - - - - - - - - - - - - - - - - - - - -

**3.** Security Code:     - - - - - - - - - - - - - - - - - - - - - - - - - -

All 3 fields **MUST** be completed!

This section will be destroyed after the payment is processed.

**Exhibit 4**


**Articles of Dissolution for AK Meritage Companies, LLC**

COR

THE STATE
*of*
# ALASKA

**Department of Commerce, Community, and Economic Development**
**Division of Corporations, Business and Professional Licensing**

**Corporations Section**
State Office Building, 333 Willoughby Avenue, 9th Floor
PO Box 110806, Juneau, AK 99811-0806
Phone: (907) 465-2550 • Fax: (907) 465-2974
Email: *corporations@alaska.gov*
Website: *Corporations.Alaska.Gov*

FOR DIVISION USE ONLY

# Articles of Dissolution

## Domestic Limited Liability Company (AS 10.50)

- This Articles of Dissolution is only for a Domestic Limited Liability Company. Once filed, the entity will be placed into a "Voluntarily Dissolved" status.

- This form will not be filed if the official signing this form does not match an official on record for this entity, and/or if your entity's biennial report is not current. Verify your entity's status and current information online at: *www.Corporations.Alaska.Gov*, click *Search Corporations Database.*

- Standard processing time for complete and correct filings submitted to this office is approximately 10-15 business days (2-3 weeks). All filings are reviewed in the date order they are received.

- The information you submit is a public record and will be posted online at *www.Corporations.Alaska.Gov.*

**Important:**
*A limited liability company is dissolved, and its affairs shall be wound up when the first of the following occurs:*
1) At the time or on the happening of events specified for dissolution in an operating agreement of the company;
2) all of the members of the company consent in writing; or
3) the superior court enters a decree for judicial dissolution of the company under AS 10.50.405 & AS 10.50.400

Each Domestic Limited Liability Company is required to keep and make available its records. — AS 10.50.870

| PART I | Payment of Fees | 3 AAC 16.065 |
|---|---|---|
| **Fee:** | ☑ Non-Refundable Filing Fee<br>*Mail this form and the non-refundable $25 filing fee in U.S. dollars to the letterhead address. Make the check or money order payable to the State of Alaska, or use the attached credit card payment form.* | $25.00 |

| PART II | Entity Information | AS 10.50.430(1) |
|---|---|---|
| **Entity Name:** | AK Meritage Companies, LLC | **Alaska Entity Number:** 86426D |

**PART III    Attestations**    AS 10.50.430

*By submitting this form, I am confirming:*

☑ This entity is in Good Standing.
☑ All biennial reports due have been filed and paid.
☑ Per AS 10.50.430(2), the date of the articles of organization and date of any amendments on record with this Division are made available online in the entity's corporate record.

*To verify the entity's status and reports, go to www.Corporations.Alaska.Gov, click Search Corporations Database.*

**PART IV**   **Reason(s) for LLC's Dissolution**                                    AS 10.50.430(3)

**Briefly state the reason(s) for filing Articles of Dissolution:**

Business of the LLC has concluded.

**PART V**   **Effective Date of Dissolution**                                    AS 10.50.430(4)

Complete this section *ONLY* if date is different from the date of filing this Articles of Dissolution with this office.
State the effective date of dissolution in cell below.

**Effective Date** *(mm/dd/yyyy)*:

**PART VI**   **Pertinent Dissolution Information**                                    AS 10.50.430(5)

**Any other information determined appropriate by the members or managers filing the Articles of Dissolution:**

**PART VII**   **Required Signature**                    AS 10.50.840(a), 10.50.840(c), 10.06.825

The Articles of Dissolution must be signed by a member or a manager currently on record with this office, or an Attorney-in-Fact. Per AS 10.06.825, persons who sign documents filed with the commissioner that are known to the person to be false in material respects are guilty of a class A misdemeanor.

To verify the members/managers currently on record, go to www.*Corporations.Alaska.Gov*, click *Search Corporations Database*.

| Name: | Bob Gross | Title: | Member/Manager or Attorney-in-fact |
|---|---|---|---|
| Signature: | | Date: | |

*If signing on behalf of a member or manager that is another entity or a trust, then you must identify the signer's relationship and signing authority on behalf of the entity or trust. For example: John Smith, President of XYZ Inc. the sole member of ABC LLC; or, John Smith, Trustee of ABC Revocable Trust.*

*Remember to notify other sections of this division when appropriate:*

**BUSINESS LICENSING SECTION**:
Submit Business License: Request to Cancel (form 08-4732) to cancel any business licenses associated with this entity.  Go to www.*BusinessLicense.Alaska.Gov* for more information and forms.

**PROFESSIONAL LICENSING SECTION:**
Email *License@Alaska.Gov* for more information and appropriate forms.

COR



**THE STATE**
*of* **ALASKA**
*Department of Commerce, Community and Economic Development*
*Division of Corporations, Business and Professional Licensing*

FOR DIVISION USE ONLY

**Corporations Section**
State Office Building, 333 Willoughby Avenue, 9th Floor
PO Box 110806, Juneau, AK 99811-0806
Phone: (907) 465-2550 • Fax: (907) 465-2974
Email: *corporations@alaska.gov*
Website: *Corporations.Alaska.Gov*

# Contact Information

- Return this form with your filing
- This information may be used by the Division to assist with processing your attached filings
- This form will not be filed for record, or appear online

| **Entity Information** | Enter your entity information as it appears on this filing. |
|---|---|
| Entity Name: | AK Meritage Companies, LLC |
| AK Entity #: | 97067 |

| **Contact Person** | Whom may we contact with any questions or problems with this filing? |
|---|---|
| Company: | |
| Contact: | Bob Gross |
| Mailing Address: | Address: 205 E Dimond Blvd #515 |
| | City: Anchorage    State: AK    ZIP: 99515 |
| Phone: | |
| Email: | |

**Document Return Address**    Provide an address for the return of your filed documents.

☒ Return my filings to the address provided **ABOVE**
☐ Return my filings to this address provided **BELOW**

| Company: | |
|---|---|
| Contact: | |
| Mailing Address: | Address: |
| | City:    State:    ZIP: |

THE STATE
of
# ALASKA
*Department of Commerce, Community, and Economic Development*
*Division of Corporations, Business and Professional Licensing*

FOR DIVISION USE ONLY

State of Alaska
Department of Commerce, Community, and Economic Development
Division of Corporations, Business and Professional Licensing
PO Box 110806, Juneau, AK 99811
Phone: (907) 465-2550

# Credit Card Payment Form

All major credit cards are accepted. For security purposes, <u>do not email</u> credit card information.
Include this credit card payment form with your application.

Name of Applicant or Licensee: _____

Program Type: _____    License Number *(if applicable)*: _____

I wish to make payment by credit card for the following *(check all that apply)*:        **AMOUNT**

☐  Application Fee: _____    _____

☐  License or Renewal Fee: _____    _____

☐  Other *(name change, wall certificate, fine, duplicate license, exam, etc.)*:

    1. _____    _____

    2. _____    _____

                                            **TOTAL:**    _____ 0

Name *(as shown on credit card)*: _____

Mailing Address: _____

Phone Number: _____    Email *(optional)*: _____

**Signature of Credit Card Holder:** _____

08-4438                Rev 12/26/18            Credit Card Payment Form (all major cards accepted)

**CREDIT CARD INFO:  Your payment cannot be processed unless all fields are completed!**

**1.**  Credit Card Number: _____

**2.**  Expiration Date:  _____

**3.**  Security Code:  _____

All 3 fields **MUST** be completed!

This section will be destroyed after the payment is processed.

**Exhibit 5**


**Stipulation re (1) Return of Alaska Mystery Ranch Action Registry Funds and (2) Dismissal of Alaska Mystery Ranch Action and Alaska Mystery Ranch Arbitration**

Bruce E. Falconer, AK Bar No. 8707062
Charles A. Cacciola, AK Bar No. 1306045
BOYD, CHANDLER, FALCONER & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401

Attorneys for Defendants

<div style="text-align:center">

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

</div>

| | | |
|---|---|---|
| MYSTERY RANCH, LLC, and | ) | |
| JACK BARRETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| BOB GROSS and | ) | |
| RB ENTERPRISES, LLC, | ) | Case No. 3AN-14-8418 CI |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<div style="text-align:left; font-style:italic; writing-mode:vertical">
BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401   Fax (907) 274-3698
</div>

## STIPULATION FOR (I) DISMISSAL WITH PREJUDICE AND (II) THE RELEASE OF FUNDS DESPOSITED INTO THE COURT REGISTRY TO IT, LLC

COME NOW the parties, by and through their respective counsel of record, and pursuant to Alaska R. Civ. P. 41(a)(1), hereby stipulate and agree to the dismissal, with prejudice, of the above-captioned matter, each party to bear their own costs, expenses, and attorney's fees.

The parties further stipulate and agree that the funds deposited by defendant RB Enterprises, LLC into the Court Registry on December 31, 2019 ($225,000.00), on February 19, 2020 ($59,992.72), and on June 5, 2020 ($94,742.00), in the aggregate totaling $379,735.72, shall be disbursed to IT, LLC c/o Bruce E. Falconer, BOYD, CHANDLER, FALCONER & MUNSON, LLP, 911 West 8th Avenue, Suite 302, Anchorage, Alaska 99501, by check payable to the Trust Account of Boyd, Chandler, Falconer & Munson, LLP.

A proposed Order is submitted herewith.

Dated this _____ day of _____, 2021.

BOYD, CHANDLER, FALCONER
& MUNSON, LLP
Attorneys for Defendants


By:_____
      Bruce E. Falconer
      Alaska Bar No. 8707062

DAWSON LAW GROUP, LLC
Attorneys for Plaintiffs


By:_____
      Wayne G. Dawson
      Alaska Bar No. 9511056

**CERTIFICATE OF SERVICE**

I hereby certify that on this_____ day of
_____, 2021, a true and correct
copy of the foregoing was emailed and mailed
via U.S. Mail to:

wdawson@dawsonlaw-ak.com
Wayne G. Dawson
Dawson Law Group
P.O. Box 24496
Anchorage, AK 99524


By: _____
      Legal Assistant/Secretary
      Boyd, Chandler, Falconer & Munson, LLP

**BOYD, CHANDLER, FALCONER, & MUNSON, LLP**
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

STIPULATION FOR (I) DISMISSAL WITH PREJUDICE AND (II) THE RELEASE OF FUNDS DEPOSITED INTO THE COURT REGISTRY TO IT, LLC
*Mystery Ranch, LLC, et al. v. Gross, et al.*, 3AN-14-8418 CI           Page 2 of 2

**Exhibit 6**

**Order Approving Stipulation re (1) Return of Alaska Mystery
Ranch Action Registry Funds and (2) Dismissal of Alaska Mystery
Ranch Action and Alaska Mystery Ranch Arbitration**

Bruce E. Falconer, AK Bar No. 8707062
Charles A. Cacciola, AK Bar No. 1306045
BOYD, CHANDLER, FALCONER & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401

Attorneys for Defendants

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| MYSTERY RANCH, LLC, and | ) | |
| JACK BARRETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| BOB GROSS and | ) | |
| RB ENTERPRISES, LLC, | ) | Case No. 3AN-14-8418 CI |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER FOR (I) DISMISSAL WITH PREJUDICE AND (II) DIRECTING DISBURSEMENT OF FUNDS DEPOSITED INTO THE COURT REGISTRY TO IT, LLC**

The Court, having considered the parties' stipulation for dismissal with prejudice, and their further stipulation that the funds deposited into the Court Registry on December 31, 2019 ($225,000.00), on February 19, 2020 ($59,992.72), and on June 5, 2020 ($94,743.00), in the aggregate totaling $379,735.72, be disbursed to IT, LLC, hereby enters its ORDER as follows:

1. The above-captioned matter is dismissed, with prejudice, each party to bear their own costs, expenses, and attorney's fees; and

2. The Clerk of Court is directed forthwith to disburse the $379,735.72 deposited

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

into the Court Registry to IT, LLC, c/o Bruce E. Falconer, BOYD, CHANDLER,

FALCONER & MUNSON, LLP, 911 West 8th Avenue, Suite, 302, Anchorage, Alaska

99501, by check payable to the Trust Account of Boyd, Chandler, Falconer & Munson, LLP.


Date: _____                    _____

                                          Gregory A. Miller
                                          Superior Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of
_____, 2021, a true and correct
copy of the foregoing was emailed and mailed
via U.S. Mail to:

        wdawson@dawsonlaw-ak.com
        Wayne G. Dawson
        Dawson Law Group
        P.O. Box 24496
        Anchorage, AK 99524


By: _____
        Legal Assistant/Secretary
        Boyd, Chandler, Falconer & Munson, LLP

*(left margin, vertical)* **BOYD, CHANDLER, FALCONER, & MUNSON, LLP** 911 W. 8th Avenue, Suite 302 Anchorage, Alaska 99501 (907) 272-8401 Fax (907) 274-3698

[PROPOSED] ORDER FOR (I) DISMISSAL WITH PREJUDICE AND TO (II) DIRECTING DISBURSEMENT OF FUNDS DEPOSITED INTO COURT REGISTRY TO IT, LLC
*Mystery Ranch, LLC, et al. v. Gross, et al.*, 3AN-14-8418 CI                    Page 2 of 2

**Exhibit 7**


**Stipulation re (1) Return of Alaska Meritage Action
Registry Funds and (2) Dismissal of Alaska Meritage Action**

Bruce E. Falconer, AK Bar No. 8707062
Charles A. Cacciola, AK Bar No. 1306045
BOYD, CHANDLER, FALCONER & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401

Attorneys for Defendants

<div align="center">

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

</div>

| | |
|---|---|
| MERITAGE COMPANIES, LLC<br>Alaska Entity No. 1001428 and JACK<br>BARRETT,<br><br>                 Plaintiffs,<br><br>vs.<br><br>ROBERT "BOB" GROSS, and<br>AK MERITAGE COMPANIES, LLC,<br>Alaska Entity No. 86426,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3AN-15-8320 CI<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION FOR DISMISSAL WITH PREJUDICE AND TO THE RELEASE OF FUNDS DESPOSITED INTO THE COURT REGISTRY TO DEFENDANT ROBERT "BOB" GROSS

COME NOW the parties, by and through their respective counsel of record, and pursuant to Alaska R. Civ. P. 41(a)(1), hereby stipulate and agree to the dismissal, with prejudice, of the above-captioned matter, each party to bear their own costs, expenses, and attorney's fees.

The parties further stipulate and agree that the $26,000.00 deposited into the Court Registry on August 29, 2019 by plaintiffs shall be disbursed to defendant Robert "Bob" Gross, c/o Bruce E. Falconer, BOYD, CHANDLER, FALCONER & MUNSON, LLP, 911

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

West 8th Avenue, Suite 302, Anchorage, Alaska 99501, by check payable to the Trust

Account of Boyd, Chandler, Falconer & Munson, LLP, For the Benefit of Robert "Bob"

Gross.

      A proposed Order is submitted herewith.

      Dated this _____ day of _____, 2021.

BOYD, CHANDLER, FALCONER
& MUNSON, LLP
Attorneys for Defendants


By:_____
    Bruce E. Falconer
    Alaska Bar No. 8707062

DAWSON LAW GROUP, LLC
Attorneys for Plaintiffs


By:_____
    Wayne G. Dawson
    Alaska Bar No. 9511056

**CERTIFICATE OF SERVICE**
I hereby certify that on this_____ day of
_____, 2021, a true and correct
copy of the foregoing was emailed and mailed
via U.S. Mail to:

dhammond@smithknowles.com
Darrin Hammond
Smith Knowles
2225 Washington Boulevard, Suite 200
Ogden, Utah 84401

wdawson@dawsonlaw-ak.com
Wayne G. Dawson, Esq.
Dawson Law Group, LLC
P.O. Box 244965
Anchorage, AK 99524

By: _____
    Legal Assistant/Secretary
    Boyd, Chandler, Falconer & Munson, LLP

STIPULATION FOR DISMISSAL WITH PREJUDICE AND TO THE RELEASE OF FUNDS DEPOSITED
INTO COURT REGISTRY TO DEFENDANT ROBERT "BOB" GROSS
*Meritage Companies, LLC, et al. v. Gross*, et al., Case No. 3AN-15-8320 CI        Page 2 of 2

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

**Exhibit 8**

**Order Approving Stipulation re (1) Return of Alaska Meritage
Action Registry Funds and (2) Dismissal of Alaska Meritage Action**

Bruce E. Falconer, AK Bar No. 8707062
Charles A. Cacciola, AK Bar No. 1306045
BOYD, CHANDLER, FALCONER & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401

Attorneys for Defendants

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MERITAGE COMPANIES, LLC Alaska Entity No. 1001428 and JACK BARRETT, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT "BOB" GROSS, and AK MERITAGE COMPANIES, LLC, Alaska Entity No. 86426, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 3AN-15-8320 CI |

**[PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE AND DIRECTING DISBURSEMENT OF FUNDS DEPOSITED INTO THE COURT REGISTRY TO DEFENDANT ROBERT "BOB" GROSS**

The Court, having considered the parties' stipulation for dismissal with prejudice, and their further stipulation that the $26,000.00 deposited into the Court Registry by plaintiffs on August 29, 2019 be disbursed to defendant Robert "Bob" Gross, hereby enters its ORDER as follows:

1.     The above-captioned matter is dismissed, with prejudice, each party to bear their own costs, expenses, and attorney's fees; and

2.     The Clerk of Court is directed forthwith to disburse the $26,000.00 deposited

---

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

into the Court Registry to defendant Robert "Bob" Gross, c/o Bruce E. Falconer, BOYD,

CHANDLER, FALCONER & MUNSON, LLP, 911 West 8th Avenues, Suite, 302,

Anchorage, Alaska 99501, by check payable to the Trust Account of Boyd, Chandler,

Falconer & Munson, LLP, For the Benefit of Robert "Bob" Gross.


Date: _____                        _____
                                             Peter R. Ramgren
                                             Superior Court Judge


**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of
_____, 2021, a true and correct
copy of the foregoing was emailed and mailed
via U.S. Mail to:

wdawson@dawsonlaw-ak.com
Wayne G. Dawson
Dawson Law Group
P.O. Box 24496
Anchorage, AK 99524

dhammond@smithknowles.com
M. Darin Hammond
Smith Knowles, P.C.
2225 Washington Blvd., Suite 200
Ogden, UT 84401


By: _____
      Legal Assistant/Secretary
      Boyd, Chandler, Falconer & Munson, LLP


[PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE AND TO RELEASE OF FUNDS DEPOSITED
INTO COURT REGISTRY TO DEFENDANT ROBERT "BOB" GROSS
*Meritage Companies, LLC, et al. v. Gross*, et al., Case No. 3AN-15-8320 CI          Page 2 of 2

BOYD, CHANDLER, FALCONER, & MUNSON, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401  Fax (907) 274-3698

**Exhibit 9**

**Stipulation to Dismiss the Barrett Adversary Proceeding**

NANCY K. SWIFT (AZ SBN:  014910)
    nswift@buchalter.com
BUCHALTER, A Professional Corporation
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Telephone:  (480) 383-1800
Facsimile:  (480) 824-9400

ANTHONY J. NAPOLITANO (admitted *pro hac vice*)
    anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone:  (213) 891-0700
Facsimile:   (213) 896-0400

Attorneys for Plaintiffs ROBERT "BOB" GROSS
and  AK MERITAGE
COMPANIES, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA (PHOENIX DIVISION)

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| JACK A. BARRETT, | Case No. 2:20-bk-07712-MCW |
| Debtor. | |
| ROBERT "BOB" GROSS and AK MERITAGE COMPANIES, LLC, | Adv. Proc. 2:20-ap-00280 MCW |
| Plaintiff, | **JOINT STIPULATION FOR DISMISSAL OF THE ADVERSARY PROCEEDING WITH PREJUDICE** |
| v. | |
| JACK A. BARRETT and DAWN E. BARRETT, | |
| Defendants. | |
| . | |

BUCHALTER
A PROFESSIONAL CORPORATION

BN 44837461v9

1

**TO THE HONORABLE MADELEINE C. WANSLEE, UNITED STATES BANKRUPTCY JUDGE, THE DEFENDANTS, THEIR COUNSEL AND ALL PARTIES-IN-INTEREST:**

This *Joint Stipulation for Dismissal of the Adversary Proceeding With Prejudice* ("**Stipulation**") is entered into on _____, ___, 2021 by and between plaintiffs Robert "Bob" Gross and AK Meritage Companies, LLC ("**Original Meritage**") (collectively, the "**Plaintiffs**") and defendants Jack A. Barrett and Dawn E. Barrett (collectively, the "**Defendants**"), by and through their undersigned counsel of record, as follows:

## RECITALS

A.     Jack Barrett filed a voluntary bankruptcy petition commencing the chapter 11 bankruptcy case designated as *In re Jack A. Barrett*, Case No. 2:20-bk-07712-MCW (the "**Bankruptcy Case**") in the United States Bankruptcy Court, District of Arizona on June 30, 2020.

B.     On October 5, 2020, the Plaintiffs commenced this adversary proceeding (the "**Adversary Proceeding**") by filing their *Complaint For: (I) Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2), (a)(4) and (a)(6); (II) Objection to Discharge Pursuant to 11 U.S.C. §§727(a), 1141(d) and 1192; and (III) Determination of Nondischargeability of Debt as to Non-Debtor Spouse pursuant to 11 U.S.C. §524(a)(3) and (b)(2)* (the "**Complaint**") against the Defendants.  Both Jack Barrett and Dawn Barrett filed answers to the Complaint.  See Adversary Proceeding Docket Nos. 8 and 21, respectively.

C.     On March 17, 2021, the Plaintiffs and the Defendants, and other related parties, participated in a global mediation session before the Honorable Daniel P. Collins, United States Bankruptcy Judge, District of Arizona, and reached a global resolution of all of the claims, counterclaims and contested matters asserted between the Parties including the claims asserted in this Adversary Proceeding.  The terms of the settlement were read into the record and are reflected in that certain "**Settlement Term Sheet**" attached as an exhibit to (1) the Minute Entry entered as Docket No. 292 by Judge Collins in the Barrett Bankruptcy Case, and (2) the Minute Entry entered as Docket No. 311 by Judge Collins in Meritage Bankruptcy Case.  The Parties and their counsel agreed on the record to the terms of the Settlement Term Sheet at the conclusion of the mediation session.

D.      On _____, the Plaintiffs and the Defendants, including other related parties, executed a *Settlement Agreement and Mutual Release* (the "**Settlement Agreement**").  A requisite component of the Settlement Agreement, requires the dismissal with prejudice of this Adversary Proceeding, and the submission of this Stipulation to the Bankruptcy Court following the entry of final and non-appealable orders of the Arizona Bankruptcy Court and the Alaska Bankruptcy Court approving the Settlement Agreement.

E.      The Plaintiffs and the Defendants desire to dismiss this adversary proceeding and hereby enter into this stipulation of dismissal pursuant Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure), seeking the dismissal of the Complaint with prejudice as to the Defendants.

**NOW, THEREFORE**, the Plaintiffs and the Defendants, by and through their counsel of record, hereby stipulate and agree as follows:

1.      Based upon the foregoing, the Plaintiffs and the Defendants hereby stipulate and agree that all of the Plaintiffs' claims against the Defendants as set forth in the Complaint are hereby dismissed with prejudice in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (made applicable to this Adversary Proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure) and Rule 7041 of the Federal Rules of Bankruptcy Procedure;

2.      Neither the Plaintiffs nor the Defendants shall be deemed to be a prevailing party, and each party shall bear its own attorneys' fees and costs in connection with the Bankruptcy Case and the Adversary Proceeding;

3.      The Plaintiffs and the Defendants agree that the executed copy of this Stipulation shall be jointly held in escrow by counsel for the respective parties pending the entry of the final and non-appealable orders approving the Settlement Agreement by the Arizona Bankruptcy Court and the Alaska Bankruptcy Court;

4.      Each individual whose signature appears below represents and warrants that he or she is authorized to enter into this Stipulation on behalf of his or her respective clients;

BUCHALTER
A Professional Corporation

BN 44837461v9

3

5.    This Stipulation may be executed in electronic counterparts and shall be deemed complete and effective as if it were executed as one original document; and

6.    The Parties consent to the entry of an order approving this Stipulation by the Bankruptcy Court.

DATED: _____, ___, 2021          BUCHALTER, a Professional Corporation

By:  /s/ NKS - #014910 _____
      NANCY K. SWIFT
      ANTHONY J. NAPOLITANO

Attorneys for Plaintiffs ROBERT GROSS
and AK MERITAGE COMPANIES, LLC

DATED: _____, _____, 2021          GUIDANT LAW FIRM, P.C.

By:  _____
      D. LAMAR HAWKINS

Attorneys for Defendant
JACK A. BARRETT

DATED: _____, ____, 2021          KEERY MCCUE, PLLC

By:  _____
      MARTIN J. MCCUE
      PATRICK F. KERRY

Attorneys for Defendant
DAWN E. BARRETT

BUCHALTER
A PROFESSIONAL CORPORATION

BN 44837461v9

**Exhibit 10**


**Order Approving Stipulation to Dismiss the Barrett Adversary Proceeding**

1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA (PHOENIX DIVISION)**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| JACK A. BARRETT, | Case No. 2:20-bk-07712-MCW |
| Debtor. | |
| | |
| ROBERT "BOB" GROSS and AK MERITAGE COMPANIES, LLC, | Adv. Proc. 2:20-ap-00280 MCW |
| Plaintiff, | **ORDER APPROVING JOINT STIPULATION FOR DISMISSAL OF THE ADVERSARY PROCEEDING WITH PREJUDICE** |
| v. | |
| JACK A. BARRETT and DAWN E. BARRETT, | |
| Defendants. | |
| . | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BUCHALTER
A PROFESSIONAL CORPORATION

BN 44873158v2

1

The Court having reviewed and considered:  (1) the *Joint Stipulation for Dismissal of the Adversary Proceeding With Prejudice* ("**Stipulation**") [Adv. Docket No. ___] entered into by and between plaintiffs Robert "Bob" Gross and AK Meritage Companies, LLC ("**Original Meritage**") (collectively, the "**Plaintiffs**") and defendants Jack A. Barrett and Dawn E. Barrett (collectively, the "**Defendants**"); (2) the *Joint Motion for Approval of (I)  Compromise of Controversy Under Rule 9019 of the Federal Rules of Bankruptcy Procedure and (II) Dismissal of Claims Under 11 U.S.C. § 727* (the "**Settlement Motion**") filed in the above-captioned bankruptcy case; and (3) all other papers filed in connection with the Stipulation and the Motion, and finding that notice of the Stipulation was proper, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Stipulation is Approved.

2.      All of the Plaintiffs' claims against the Defendants as set forth in the *Complaint For: (I) Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2), (a)(4) and (a)(6); (II) Objection to Discharge Pursuant to 11 U.S.C. §§727(a), 1141(d) and 1192; and (III) Determination of Nondischargeability of Debt as to Non-Debtor Spouse pursuant to 11 U.S.C. §524(a)(3) and (b)(2)* are hereby dismissed with prejudice in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (made applicable to this Adversary Proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure) and Rule 7041 of the Federal Rules of Bankruptcy Procedure.

3.      Neither the Plaintiffs nor the Defendants shall be deemed to be a prevailing party, and each party shall bear its own attorneys' fees and costs in connection with the above-captioned bankruptcy case and adversary proceeding.

DATED AND SIGNED ABOVE.

**Exhibit 11**


**Stipulation to Dismiss Claims in the 2016 Utah Action**

David C. Wright – 5566
**MABEY WRIGHT & JAMES, PLLC**
175 South Main, #1330
Salt Lake City, Utah  84111
Telephone: 801-359-3663
Facsimile: 801-359-3673
Email: dwright@mwjlaw.com

*Counsel for Plaintiffs*

STATE OF UTAH
IN THE SECOND DISTRICT COURT OF WEBER COUNTY
OGDEN DEPARTMENT

| | |
|---|---|
| AK MERITAGE COMPANIES, LLC, and ROBERT GROSS, <br><br>    Plaintiffs, <br><br>vs. <br><br> MERITAGE COMPANIES, LLC, and JACK A. BARRETT, <br><br>    Defendants. | **STIPULATION OF DISMISSAL WITH PREJUDICE** <br><br><br> Case No. 160906412 <br><br><br> Judge Ernest W. Jones |

Pursuant to Rule 41(a)(1)(A)(ii) of the Utah Rules of Civil Procedure, the parties dismiss this action in its entirety, with prejudice. The parties will bear their own costs and attorney fees without recourse.

_____, \_\_, 2012     **MABEY WRIGHT & JAMES, PLLC**
                 *David C. Wright*
                 David C. Wright
                 Brooke A. White
                 *Counsel for Plaintiffs*

                 **SMITH KNOWLES, P.C.**
                 *M. Darin Hammond*
                 M. Darin Hammond
                 *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on _____ ___, 2021, the foregoing Stipulation of Dismissal with Prejudice was delivered to the following by E-filing/Electronic Delivery:

M. Darin Hammond – dhammond@smithknowles.com
Smith Knowles, P.C.
2225 Washington Blvd., #200
Ogden, UT  84401

Bruce E. Falconer – BFalconer@bcfaklaw.com
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501

*David C. Wright*

**Exhibit 12**


**Order Approving Stipulation to Dismiss Claims in the 2016 Utah Action**

M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:     (801) 476-0303
Facsimile:     (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Defendants/Counterclaimants*

---

### IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY
### OGDEN DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| AK MERITAGE COMPANIES, LLC, and ROBERT GROSS,<br><br>Plaintiffs,<br><br>vs.<br><br>MERITAGE COMPANIES, LLC, and JACK A. BARRETT,<br><br>Defendants.<br>───────────────────<br>MERITAGE COMPANIES, LLC, and JACK A. BARRETT,<br><br>Counterclaimants,<br><br>vs.<br><br>AK MERITAGE COMPANIES, LLC and ROBERT GROSS,<br><br>Counterclaim Defendants. | **ORDER FOR DISMISSAL WITH PREJUDICE**<br><br><br>Civil No. 160906412<br>Judge Ernie W. Jones |

Based on the stipulation of the parties under Rule 41(a)(1)(A)(ii), all claims of each party herein are dismissed with prejudice. The parties will bear their respective costs and fees.

**END OF DOCUMENT – COURT SIGNATURE AND DATE APPEARS AT TOP OF FIRST PAGE.**

**Approved as to Form:**

**MABEY WRIGHT & JAMES, PLLC**

_____
David C. Wright
*Attorneys for Plaintiffs/Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2021, I served a true and correct copy of the foregoing, **ORDER FOR DISMISSAL WITH PREJUDICE** by the method indicated below, to the following:

| | |
|---|---|
| David C. Wright<br>MABEY WRIGHT & JAMES, PLLC<br>175 South Main, #1330<br>Salt Lake City, UT  84111<br>*Attorneys for Plaintiffs/Counterclaim Defendants* | (   ) U.S. Mail, Postage Prepaid<br>(   ) Hand Delivered<br>(   ) Overnight Mail<br>(   ) Facsimile<br>( X) E-Filing (Notice of Electronic Filing NEF) |
| Zane S. Froerer<br>FROERER AND MILES, P.C.<br>2661 Washington Blvd., Suite 201<br>Ogden, Utah 84401<br>*Attorneys for Mountain Vista Trails, LLC* | (   ) U.S. Mail, Postage Prepaid<br>(   ) Hand Delivered<br>(   ) Overnight Mail<br>(   ) Facsimile<br>( X) E-Filing (Notice of Electronic Filing NEF) |
| Bruce Falconer<br>BOYD, CHANDLER & FALCONER, LLP<br>911 W. 8th Ave., Suite 302<br>Anchorage, Alaska 99501 | (X) Email (bfalconer@bcfaklaw.com) |

_____
Legal Assistant

**Exhibit 13**


**Stipulation to Dismiss Claims in the 2020 Utah Actions**

David C. Wright – 5566
Brooke A. White – 9685
**MABEY WRIGHT & JAMES, PLLC**
175 South Main, #1330
Salt Lake City, Utah 84111
Telephone: 801-359-3663
Facsimile: 801-359-3673
Email: dwright@mwjlaw.com
        baw@mwjlaw.com

*Counsel for Robert Gross and AK Meritage Companies, LLC*

---

STATE OF UTAH
IN THE SECOND DISTRICT COURT OF WEBER COUNTY

---

| | |
|---|---|
| MOUNTAIN VISTA TRAILS, LLC, and DAWN BARRETT, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Plaintiffs, | |
| vs. | |
| ROBERT "BOB" GROSS; AK MERITAGE COMPANIES, LLC, Alaska entity no. 86426; MERITAGE COMPANIES, LLC, Alaska entity no. 1001428; MYSTERY RANCH, LLC, Alaska entity no. 99109; JACK BARRETT; DOES 1-10, | Case No.  200902574 |
| | Judge Ernest W. Jones |
| Defendants. | |

Pursuant to Rule 41(a)(1)(A)(ii) of the Utah Rules of Civil Procedure, the parties dismiss

this action in its entirety, with prejudice. The parties will bear their own costs and attorney fees

without recourse.

_____ ___, 2021                    **MABEY WRIGHT & JAMES, PLLC**
                                       *David C. Wright*
                                       David C. Wright
                                       *Counsel for Defendants Robert Gross and*
                                       *AK Meritage Companies, LLC*

**SMITH KNOWLES, P.C.**
*M. Darin Hammond*
M. Darin Hammond
*Counsel for Defendant Mystery Ranch, LLC,*
*Jack Barrett, and* Meritage Companies, LLC,
Alaska entity no. 1001428

**FROERER & MILES, P.C.**

*Zane S. Froerer*
Zane S. Froerer
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on _____ __, 2021, the foregoing Stipulation of Dismissal With Prejudice was delivered to the following by E-filing/Electronic Delivery:

Zane S. Froerer (Zane.froerer@froererlaw.com)
Froerer and Miles, P.C.
2661 Washington Blvd., #201
Ogden, UT  84401

M. Darin Hammond – dhammond@smithknowles.com
Smith Knowles, P.C.
2225 Washington Blvd., #200
Ogden, UT  84401

The foregoing was delivered to the following by email:

Bruce Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska 99501
Email: bfalconer@bcfaklaw.com

*David C. Wright*

**Exhibit 14**


**Order Approving Stipulation to Dismiss Claims in the 2020 Utah Actions**

M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:   (801) 476-0303
Facsimile:   (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Defendants Meritage Companies, LLC (Alaska Entity No. 10014218), Mystery Ranch, LLC, and Jack Barrett*

---

IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY
OGDEN DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| MOUNTAIN VISTA TRAILS, LLC, a Utah limited liability company, and DAWN BARRETT,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ROBERT "BOB" GROSS; AK MERITAGE COMPANIES, LLC, Alaska Entity No. 86426D; MERITAGE COMPANIES, LLC, Alaska Entity No. 10014218; MYSTERY RANCH, LLC, Alaska Entity No. 99109; JACK BARRETT; and DOES 1 - 10,<br><br>　　　　Defendants.<br>―――――――――――――――――<br>ROBERT "BOB" GROSS and AK MERITAGE COMPANIES, LLC, Alaska Entity No. 86426D,<br><br>　　　　Counterclaimants,<br>vs. | **ORDER FOR DISMISSAL WITH PREJUDICE**<br><br><br><br>Civil No. 200902574<br>Judge Ernie W. Jones |

MOUNTAIN VISTA TRAILS, LLC and
DAWN BARRETT,

               Counterclaim Defendants.

ROBERT "BOB" GROSS and AK
MERITAGE COMPANIES, LLC, Alaska
Entity No. 86426D,

               Cross-Claimants,

vs.

MYSTERY RANCH, LLC, Alaska Entity No.
99109,

               Cross-Claim Defendant.

Based on the stipulation of the parties under Rule 41(a)(1)(A)(ii), all claims of each party

herein are dismissed with prejudice. The parties will bear their respective costs and fees.

**END OF DOCUMENT – COURT SIGNATURE AND DATE APPEARS AT TOP OF FIRST PAGE.**

**Approved as to Form:**

**FROERER AND MILES, P.C.**

_____
Zane S. Froerer
*Attorneys for Plaintiffs Mountain Vista*
*Trails, LLC and Dawn Barrett*

**Approved as to Form:**

**MABEY WRIGHT & JAMES, PLLC**

_____
David C. Wright
*Attorneys for Defendants Robert "Bob"*
*Gross and AK Meritage Companies, LLC*
*(Alaska Entity No. 86426D)*

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2021, I served a true and correct copy of the foregoing, **ORDER FOR DISMISSAL WITH PREJUDICE** by the method indicated below, to the following:

| | |
|---|---|
| Zane S. Froerer<br>FROERER AND MILES, P.C.<br>2661 Washington Blvd., Suite 201<br>Ogden, Utah 84401<br>*Attorneys for Plaintiffs/Counterclaim Defendants* | (   ) U.S. Mail, Postage Prepaid<br>(   ) Hand Delivered<br>(   ) Overnight Mail<br>(   ) Facsimile<br>( X) E-Filing (Notice of Electronic Filing NEF) |
| David C. Wright<br>MABEY WRIGHT & JAMES, PLLC<br>175 South Main, #1330<br>Salt Lake City, UT  84111<br>*Attorneys for Defendants / Counterclaimants / Cross-Claimants Robert "Bob" Gross and AK Meritage Companies, LLC* | (   ) U.S. Mail, Postage Prepaid<br>(   ) Hand Delivered<br>(   ) Overnight Mail<br>(   ) Facsimile<br>( X) E-Filing (Notice of Electronic Filing NEF) |
| Bruce Falconer<br>BOYD, CHANDLER & FALCONER, LLP<br>911 W. 8th Ave., Suite 302<br>Anchorage, Alaska 99501 | (X) Email (bfalconer@bcfaklaw.com) |

_____
Legal Assistant

**Exhibit 15**

**Stipulation to Dismiss the RB Enterprises, LLC Bankruptcy Case**

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re

RB ENTERPRISES LLC,

Debtor.

No. 21-00040

**STIPULATION RELATING TO DISMISSAL OF BANKRUPTCY**

RB Enterprises, LLC (the "**Debtor**"), debtor-in-possession in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), Robert "Bob" Gross ("**Bob Gross**"), Melodie Gross, Jack A. Barrett, Dawn E. Barrett, and Mystery Ranch, LLC ("**Mystery Ranch**") enter into this *Stipulation Relating to Dismissal of Bankruptcy Case* (the "**Stipulation**") as of _____, 2021 as follows:

### RECITALS

A.    Bob Gross and Melodie Gross jointly own the Debtor.  The Debtor owns a fifty percent (50%) interest in IT, LLC, an Alaska limited liability company.  IT, LLC owns and operates a hotel known as the Inlet Tower Hotel in Anchorage, Alaska (the "**Hotel**").  Mystery Ranch owns the other fifty percent (50%) interest in IT, LLC.  Jack Barrett and Dawn Barrett jointly own Mystery Ranch.  Bob Gross serves as manager of IT, LLC, overseeing the Hotel's operations.

STIPULATION TO DISMISSAL OF DEBTOR'S
BANKRUPTCY CASE  - Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

B.      Bob Gross and Jack Barrett have a long-standing dispute which has resulted in extensive litigation.  On June 30, 2020, Jack Barrett filed a voluntary bankruptcy petition commencing the chapter 11 bankruptcy case designated as *In re Jack A. Barrett*, Case No. 2:20-bk-07712-MCW (the "**Barrett Bankruptcy Case**") in the United States Bankruptcy Court, District of Arizona (the "**Arizona Bankruptcy Court**").  The Debtor's Bankruptcy Case is also a component of that dispute.

C.      For much of the parties' relationship, Bob Gross and his affiliated entities, on the one hand, and Jack Barrett and his affiliated entities, on the other hand, have been involved in multiple and ongoing lawsuits and bankruptcy cases in Alaska, Utah and Arizona.

D.      One of the lawsuits[1] culminated in a judgment against the Debtor (the "Mystery Ranch Judgment"), nonpayment of which may have resulted in final execution on the Debtor's interest in IT, LLC as early as March 3, 2021, absent the commencement of the Bankruptcy Case on March 2, 2021.

E.      On March 17, 2021, Bob Gross, Melodie Gross, the Debtor, Jack Barrett, Dawn Barrett, and Mystery Ranch, among other related parties, participated in a global mediation session before the Honorable Daniel P. Collins, United States Bankruptcy Judge, District of Arizona, and reached a global resolution of all of the claims, counterclaims or contested matters asserted between the parties including the claims and interests asserted in this Bankruptcy Case.

F.      The terms of the settlement were read into the record as reflected by the (1) the Minute Entry entered as Docket No. 292 by Judge Collins in the Barrett Bankruptcy Case, and (2) the Minute Entry entered as Docket No. 311 by Judge Collins in Meritage Bankruptcy Case (collectively, the "**Settlement**").  The Parties and their counsel agreed on the record to the terms of the Settlement at the conclusion of the mediation session.

---

[1] *Mystery Ranch, LLC v. Gross*, Case No. 3AN-14-08418 (Alaska Sup. Ct. 2014) (the "Alaska Mystery Ranch Action"), which was referred to arbitration before the American Arbitration Association as Case No. 01-15-0005-1171.

STIPULATION TO DISMISSAL OF DEBTOR'S
BANKRUPTCY CASE  - Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

BN 44903109v5

G.      The settlement calls for approval of a "**Settlement Agreement**," which incorporates the provisions of the Settlement, by both the Arizona Bankruptcy Court and this Court.   Once approved, the settlement obviates the need for continuation of the Debtor's Bankruptcy Case.

**NOW, THEREFORE**, the Debtor, Bob Gross, Melodie Gross, Jack Barrett, Dawn Barrett and Mystery Ranch (collectively, the "**Parties**") and individually, a "**Party**"), by and through their counsel of record, hereby stipulate and agree as follows.

1.      Based on the foregoing, the Parties hereby stipulate and agree that, subject to approval of the Settlement Agreement by the Arizona Bankruptcy Court and this Court, should the Debtor seek dismissal of its Bankruptcy Case, neither Jack Barrett, Dawn Barrett, Mystery Ranch, nor any of their affiliated entities will object to or in any way seek to directly or indirectly hinder such dismissal.

2.      Each individual whose signature appears below represents and warrants that he or she is authorized to enter into this Stipulation.

3.      This Stipulation may be executed in electronic counterparts and shall be deemed complete and effective as if it were executed as one original document.

4.      The Parties consent to the entry of an order approving this Stipulation by the Bankruptcy Court.

**[SIGNATURE PAGE FOLLOWS]**

STIPULATION TO DISMISSAL OF DEBTOR'S
BANKRUPTCY CASE  - Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    **IT IS SO STIPULATED**

2    ROBERT "BOB" GROSS                    JACK A. BARRETT

3

     By: _____          By: _____
4          Robert "Bob" Gross                   Jack A. Barrett, as debtor
                                                and debtor in possession
5    MELODIE A. GROSS                      DAWN E. BARRETT

6

7    By: _____          By: _____
           Melodie A. Gross                     Dawn E. Barrett
8
     RB ENTERPRISES, LLC, as debtor and    MYSTERY RANCH, LLC,
9    debtor in possession

10

11   By: _____          By: _____
           Robert "Bob" Gross, as Manager and    Jack A. Barrett, as Manager and
           Member                                Member
12

13   By: _____          By: _____
           Melodie Gross, as Member             Dawn E. Barrett, as Member
14

15

16

17

18

19

20

21

22

23

STIPULATION TO DISMISSAL OF DEBTOR'S
BANKRUPTCY CASE  - Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

BN 44903109v5

**Exhibit 16**

**Order Approving Stipulation to Dismiss the RB Bankruptcy Case**

HONORABLE GARY SPRAKER

Christine M. Tobin-Presser, AK Bar No. 1905032
Thomas A. Buford, AK Bar No. 1805046
601 Union Street, Suite 5000
Seattle, WA  98101-2373
Phone:  206-292-2110
Facsimile:  206-292-2104
ctobin@bskd.com
tbuford@bskd.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re

RB ENTERPRISES, LLC,

                Debtor.

No. 21-00040

**ORDER APPROVING STIPULATION RELATING TO DISMISSAL OF BANKRUPTCY**

       This matter came before the Court upon the *Stipulation Relating to Dismissal of Bankruptcy* entered into by and between RB Enterprises, LLC (the "**Debtor**"), debtor-in-possession in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), Robert "Bob" Gross ("**Bob Gross**"), Melodie Gross, Jack A. Barrett, Dawn E. Barrett, and Mystery Ranch, LLC ("**Mystery Ranch**") (the "**Stipulation**").  The Court has reviewed the files and records herein, including the *Notice of Settlement* filed at Docket No. 18 and finds that cause exists for the requested relief.  Now, therefore, it is hereby

       **ORDERED** that the Stipulation is approved.

BY THE COURT

        _____

GARY SPRAKER
United States Bankruptcy Judge

ORDER APPROVING STIPULATION– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec27j601w9

1

2    Presented by:

3    BUSH KORNFELD LLP

4
     By _____
5       Christine M. Tobin-Presser, AK Bar No. 1905032
        Thomas A. Buford, AK Bar No. 1805046
6    Attorneys for Debtors-in-Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER APPROVING STIPULATION– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec27j601w9

**Exhibit 17**

**Notice of Withdrawal of Claim No. 5 in Meritage Bankruptcy Case**

1   Nancy K. Swift (SBN: 014910)
   **BUCHALTER**
2   **A PROFESSIONAL CORPORATION**
   16435 North Scottsdale Road, Suite 440
3   Scottsdale, AZ  85254-1754
   Telephone:  (480) 383-1800
4   Facsimile:  (480) 824-9400
   Email:  nswift@buchalter.com
5

   Anthony J. Napolitano (admitted *pro hac vice*)
6   **BUCHALTER,**
   **A PROFESSIONAL CORPORATION**
7   1000 Wilshire Boulevard, 15th Floor
   Los Angeles, California 90017-1730
8   Telephone: (213) 891-0700
   Facsimile:  (213) 896-0400
9   Email:  anapolitano@buchalter.com

10   Attorneys for Robert Gross and AK Meritage
   Companies, LLC
11

12         IN THE UNITED STATES BANKRUPTCY COURT

13          IN AND FOR THE DISTRICT OF ARIZONA

14

15   In re:                         **Chapter 11**

16                           **No. 2:20-bk-07718 MCW**

17   MERITAGE COMPANIES, LLC,
   an Alaska limited liability company,      **NOTICE OF WITHDRAWAL OF**
18                            **PROOF OF CLAIM NO. 5-1**

19          Debtor.

20

21

22

23

24

25

26

1    ROBERT GROSS by and through its attorneys, hereby withdraws his Proof of Claim No.

2  5-1 filed on September 8, 2020.

3

    RESPECTFULLY SUBMITTED this ___ day of _____, 2021.

4                                        BUCHALTER

5

6                           By:_____
                                Nancy K. Swift
7                                Anthony J. Napolitano
                                16435 North Scottsdale Road, Suite 440
8                                Scottsdale, AZ  85254-1754
                                Attorneys for Robert Gross and AK Meritage
9                                Companies, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

1    COPY of the foregoing mailed this ___ day of _____, 2021, to the following:

2    Jack A. Barrett
     34806 N. 80th Way
3    Scottsdale, AZ 85262
     Debtor
4
     Meritage Companies LLC
5    34806 N. 80th Way
     Scottsdale, AZ 85262
6    Debtor

7    D. Lamar Hawkins
     Guidant Law, PLC
8    402 E. Southern Avenue
     Tempe, AZ 85282
9    Attorney for Debtors

10   James E. Cross
     Cross Law Firm, PLC
11   1850 N. Central Ave., Suite 1150
     Phoenix, AZ 85004
12   Trustee

13   Janet M. Spears
     Aldridge Pite, LLP
14   4375 Jutland Drive, Suite 200
     P.O. Box 17933
15   San Diego, CA 92177-0922
     Attorneys for Nationstar Mortgage LLC, d/b/a Mr. Cooper
16
     Matthew A. Silverman
17   Assistant Attorney General
     Office of the Attorney General
18   2005 N. Central Avenue
     Phoenix, AZ 85004-1592
19   Attorney for the State of Arizona ex rel.
         Arizona Department of Revenue
20
     CIT Bank, N.A.
21   155 Commerce Way
     Portsmouth, NH 03801
22
     Edward K. Bernatavicius
23   United States Trustee
     230 N. 1st Ave., Suite 204
24   Phoenix, AZ 85003
     Attorney for U.S. Trustee
25

26   /s/ Cathy C. Bohnsack

3

**Exhibit 18**

**Notice of Withdrawal of Claim No. 6 in Meritage Bankruptcy Case**

1    Nancy K. Swift (SBN:  014910)
     **BUCHALTER**
2    **A PROFESSIONAL CORPORATION**
     16435 North Scottsdale Road, Suite 440
3    Scottsdale, AZ  85254-1754
     Telephone:  (480) 383-1800
4    Facsimile:   (480) 824-9400
     Email:  nswift@buchalter.com
5
     Anthony J. Napolitano (admitted *pro hac vice*)
6    **BUCHALTER,**
     **A PROFESSIONAL CORPORATION**
7    1000 Wilshire Boulevard, 15th Floor
     Los Angeles, California 90017-1730
8    Telephone: (213) 891-0700
     Facsimile:   (213) 896-0400
9    Email:  anapolitano@buchalter.com

10   Attorneys for Robert Gross and AK Meritage
     Companies, LLC
11

12                    IN THE UNITED STATES BANKRUPTCY COURT

13                    IN AND FOR THE DISTRICT OF ARIZONA

14
     In re:                                          **Chapter 11**
15
                                                     **No. 2:20-bk-07718 MCW**
16
     MERITAGE COMPANIES, LLC,
17   an Alaska limited liability company,            **NOTICE OF WITHDRAWAL OF**
                                                     **PROOF OF CLAIM NO. 6-1**
18

19                    Debtor.

20

21

22

23

24

25

26

     G5071.0002 BN 44842051v1

1    AK MERITAGE COMPANIES, LLC, by and through its attorneys, hereby withdraws its

2 Proof of Claim No. 6-1 filed on September 8, 2020.

3

       RESPECTFULLY SUBMITTED this ___ day of _____, 2021.
4                                      BUCHALTER

5

6                                      By _____
                                          Nancy K. Swift
7                                          Anthony J. Napolitano
                                           16435 North Scottsdale Road, Suite 440
8                                          Scottsdale, AZ  85254-1754
                                           Attorneys for Robert Gross and AK Meritage
9                                          Companies, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

1  COPY of the foregoing mailed this ___ day of _____, 2021, to the following:

2  Jack A. Barrett
   34806 N. 80th Way
3  Scottsdale, AZ 85262
   Debtor

4
   Meritage Companies LLC
5  34806 N. 80th Way
   Scottsdale, AZ 85262
6  Debtor

7  D. Lamar Hawkins
   Guidant Law, PLC
8  402 E. Southern Avenue
   Tempe, AZ 85282
9  Attorney for Debtors

10 James E. Cross
   Cross Law Firm, PLC
11 1850 N. Central Ave., Suite 1150
   Phoenix, AZ 85004
12 Trustee

13 Janet M. Spears
   Aldridge Pite, LLP
14 4375 Jutland Drive, Suite 200
   P.O. Box 17933
15 San Diego, CA 92177-0922
   Attorneys for Nationstar Mortgage LLC, d/b/a Mr. Cooper
16
   Matthew A. Silverman
17 Assistant Attorney General
   Office of the Attorney General
18 2005 N. Central Avenue
   Phoenix, AZ 85004-1592
19 Attorney for the State of Arizona ex rel.
       Arizona Department of Revenue
20
   CIT Bank, N.A.
21 155 Commerce Way
   Portsmouth, NH 03801
22
   Edward K. Bernatavicius
23 United States Trustee
   230 N. 1st Ave., Suite 204
24 Phoenix, AZ 85003
   Attorney for U.S. Trustee
25

26 */s/ Cathy C. Bohnsack*

3

**Exhibit 19**


**Notice of Withdrawal of Claim No. 13 in Barrett Bankruptcy Case**

1  Nancy K. Swift (SBN:  014910)
   **BUCHALTER**
2  **A PROFESSIONAL CORPORATION**
   16435 North Scottsdale Road, Suite 440
3  Scottsdale, AZ  85254-1754
   Telephone:  (480) 383-1800
4  Facsimile:  (480) 824-9400
   Email:  nswift@buchalter.com

5
   Anthony J. Napolitano (admitted *pro hac vice*)
6  **BUCHALTER,**
   **A PROFESSIONAL CORPORATION**
7  1000 Wilshire Boulevard, 15th Floor
   Los Angeles, California 90017-1730
8  Telephone: (213) 891-0700
   Facsimile:  (213) 896-0400
9  Email:  anapolitano@buchalter.com

10 Attorneys for Robert Gross and AK Meritage Companies,
   LLC

11

12               IN THE UNITED STATES BANKRUPTCY COURT

13                IN AND FOR THE DISTRICT OF ARIZONA

14

15 In re:                                    **Chapter 11**

16                                     **No. 2:20-bk-07712 MCW**

17 JACK BARRETT,
                                        **Sub Chapter V Small Business**
18

19        Debtor.                     **NOTICE OF WITHDRAWAL OF**
                                       **PROOF OF CLAIM NO. 13-1**
20

21

22

23

24

25

26

   G5071.0002 BN 44836156v1

ROBERT GROSS, by and through its attorneys, hereby withdraws his Proof of Claim No. 13-1 filed on September 8, 2020.


RESPECTFULLY SUBMITTED this __ day of _____, 2021.

BUCHALTER

By:/_____
       Nancy K. Swift
       Anthony J. Napolitano
       16435 North Scottsdale Road, Suite 440
       Scottsdale, AZ  85254-1754
       Attorneys for Robert Gross and AK Meritage
       Companies, LLC

2

COPY of the foregoing mailed this _____ day of _____, 2021, to the following:

Jack A. Barrett
34806 N. 80th Way
Scottsdale, AZ 85262
Debtor

Meritage Companies LLC
34806 N. 80th Way
Scottsdale, AZ 85262
Debtor

D. Lamar Hawkins
Guidant Law, PLC
402 E. Southern Avenue
Tempe, AZ 85282
Attorney for Debtors

James E. Cross
Cross Law Firm, PLC
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
Trustee

Janet M. Spears
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0922
Attorneys for Nationstar Mortgage LLC, d/b/a Mr. Cooper

Matthew A. Silverman
Assistant Attorney General
Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
Attorney for the State of Arizona ex rel.
    Arizona Department of Revenue

CIT Bank, N.A.
155 Commerce Way
Portsmouth, NH 03801

Edward K. Bernatavicius
United States Trustee
230 N. 1st Ave., Suite 204
Phoenix, AZ 85003
Attorney for U.S. Trustee

*/s/ Cathy C. Bohnsack*

3

G5071.0002 BN 44836156v1

**Exhibit 20**

**Notice of Withdrawal of Claim No. 14 in Barrett Bankruptcy Case**

1    Nancy K. Swift (SBN:  014910)
     **BUCHALTER**
2    **A PROFESSIONAL CORPORATION**
     16435 North Scottsdale Road, Suite 440
3    Scottsdale, AZ  85254-1754
     Telephone:  (480) 383-1800
4    Facsimile:   (480) 824-9400
     Email:  nswift@buchalter.com
5
     Anthony J. Napolitano (admitted *pro hac vice*)
6    **BUCHALTER,**
     **A PROFESSIONAL CORPORATION**
7    1000 Wilshire Boulevard, 15th Floor
     Los Angeles, California 90017-1730
8    Telephone:  (213) 891-0700
     Facsimile:   (213) 896-0400
9    Email:  anapolitano@buchalter.com

10   Attorneys for Robert Gross and AK Meritage Companies,
     LLC
11

12                    IN THE UNITED STATES BANKRUPTCY COURT

13                     IN AND FOR THE DISTRICT OF ARIZONA

14
     In re:                                          **Chapter 11**
15
                                                     **No. 2:20-bk-07712 MCW**
16
     JACK BARRETT,
17                                                   **Sub Chapter V Small Business**

18
              Debtor.                                **NOTICE OF WITHDRAWAL OF**
19                                                   **PROOF OF CLAIM NO. 14-1**

20

21

22

23

24

25

26

     G5071.0002 BN 44842250v1

AK MERITAGE COMPANIES, LLC, by and through its attorneys, hereby withdraws its Proof of Claim No. 14-1 filed on September 8, 2020.


RESPECTFULLY SUBMITTED this _____ day of _____, 2021.

BUCHALTER


By:_____
Nancy K. Swift
Anthony J. Napolitano
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ  85254-1754
Attorneys for Robert Gross and AK Meritage
Companies, LLC

2

1    COPY of the foregoing mailed this _____ day of _____, 2021, to the following:

2    Jack A. Barrett
     34806 N. 80th Way
3    Scottsdale, AZ 85262
     Debtor
4
     Meritage Companies LLC
5    34806 N. 80th Way
     Scottsdale, AZ 85262
6    Debtor

7    D. Lamar Hawkins
     Guidant Law, PLC
8    402 E. Southern Avenue
     Tempe, AZ 85282
9    Attorney for Debtors

10   James E. Cross
     Cross Law Firm, PLC
11   1850 N. Central Ave., Suite 1150
     Phoenix, AZ 85004
12   Trustee

13   Janet M. Spears
     Aldridge Pite, LLP
14   4375 Jutland Drive, Suite 200
     P.O. Box 17933
15   San Diego, CA 92177-0922
     Attorneys for Nationstar Mortgage LLC, d/b/a Mr. Cooper
16
     Matthew A. Silverman
17   Assistant Attorney General
     Office of the Attorney General
18   2005 N. Central Avenue
     Phoenix, AZ 85004-1592
19   Attorney for the State of Arizona ex rel.
         Arizona Department of Revenue
20
     CIT Bank, N.A.
21   155 Commerce Way
     Portsmouth, NH 03801
22
     Edward K. Bernatavicius
23   United States Trustee
     230 N. 1st Ave., Suite 204
24   Phoenix, AZ 85003
     Attorney for U.S. Trustee
25

26   */s/ Cathy C. Bohnsack*

3